477 So.2d 1279 (1985)
James Kevin DUPRE, Plaintiff-Appellant,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.
No. 84-742.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*1280 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Brinkhaus, Dauzat, Falgoust & Caviness, Peter F. Caviness, Opelousas, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
DOMENGEAUX, Judge.
Although tried separately, the above numbered and entitled case, together with the case of Dupre v. The Travelers Insurance Company, 477 So.2d 1282 (Our Docket No. 85-229), have been consolidated for appeal. We will consider both appeals herein, but will render a separate opinion in case No. 85-229.
This appeal arises in the context of a claim for permanent total disability benefits under the Louisiana Worker's Compensation laws. Plaintiff-appellant Dupre claims he was injured in an accident occurring within the course and scope of his employment on December 8, 1983. Because Mr. Dupre and his employer's insurer, Travelers Insurance Company (appellee herein), could not agree on the worker's compensation benefits payable, Mr. Dupre filed a claim with the office of Worker's Compensation Administration. That body's advisory opinion recommended temporary total benefit payments. Mr. Dupre notified the office of Worker's Compensation Administration of his rejection of its recommendation. Thereafter, the office issued Mr. Dupre a certificate certifying that his claim had been submitted to the office but that its recommendation had been rejected.
Travelers Insurance Company continued to pay Mr. Dupre worker's compensation benefits calculated under temporary total disability. However, on June 19, 1983, Mr. Dupre filed suit in the Thirteenth Judicial District Court seeking an award for permanent total disability under the worker's compensation laws. The plaintiff's petition prayed for permanent total disability benefits in addition to all medical and incidental expenses.
Travelers responded to the plaintiff's petition with an answer and an exception alleging prematurity under La.R.S. 23:1314. The trial court sustained the exception and the plaintiff's suit was dismissed without prejudice. From this adverse judgment, plaintiff-appellant James Dupre brought this devolutive appeal numbered 84-742.
While the above appeal was pending, Mr. Dupre filed a second suit against Travelers praying for permanent total disability benefits and medical/incidental expenses on December 4, 1984. The defendant's response included an exception of lis pendens, an answer, and an exception of prematurity. A hearing was held on these exceptions and the trial court rendered judgment in the defendant's favor on both exceptions, dismissing plaintiff's suit at his costs. Thereafter, Mr. Dupre filed a second appeal, numbered 85-229, 477 So.2d 1282.
The above appeals were consolidated for our review. In appeal No. 84-742 the plaintiff-appellant cites as error the trial court's sustaining of the exception of prematurity. Presumably, the trial court's judgment sustaining the exception relied on the defendant-appellee's argument that the requirements of La.R.S. 23:1314 were not satisfied.[1] That article states:

*1281 "A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim." (Emphasis ours)
The above cited statute specifies two prerequisites before a worker's compensation claim will survive an exception of prematurity: (A) that the claim was unresolvedly submitted to the Office of Worker's Compensation Administration, and (B) that at least one of parts A(1), (2), or (3) be applicable. It is undisputed that the plaintiff-appellant's claim was submitted to the Office for informal resolution and that the attempt failed. However, the appellant has not claimed he was denied proper medical attention or that he requested copies of medical reports which have not been furnished. Further, although the petition states that the plaintiff-appellant has not been paid the benefits he was allegedly due and that such payment had been refused, the defendant-appellee denied these allegations and the trial court evidently found them to be "without reasonable cause or foundation in fact."
The appellant argues in this appeal that although he was receiving a monthly check totalling the maximum percentage of wages for which he was eligible, such payments were based on the appellee's calculation under temporary total benefits. Even though the appellant could not receive any greater monthly compensation, he brought his suit to insure payment under a permanent total schedule of benefits. The appellant further reasons that since La.R.S. 23:1311 requires a claimant to file a worker's compensation suit in the district court within sixty days of receiving the certificate from the Office, a filing delay until the appellee discontinued monthly payments would allow his claim to prescribe.
We find the decision of the trial court to be without error. First, the appellant has not satisfied the second condition of La. R.S. 23:1314. The appellant has attempted to show that La.R.S. 23:1314 A(1) is applicable to his case. However, at the time the petition was filed, Mr. Dupre was receiving monthly worker's compensation payments at the maximum percentage of wages to which he was entitled. Further, it is obvious that the appellee did not refuse to pay the maximum amount to which Mr. Dupre was entitled since those payments were actually being made.
Secondly, the sustaining of the appellee's exception of prematurity will not insure the prescription of the appellant's cause of action. La.R.S. 23:1311 provides in pertinent part:
"A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a *1282 verified petition to the district court...." (Emphasis ours).[2]
The appellant has the perfectly viable, and in fact only acceptable, option of filing suit within the one year period following the last payment of disability benefits made by the appellee. Unless and until the appellee ceases or reduces compensation payments, the appellant's suit for permanent total disability will be premature.
The second appeal before us for review (No. 85-229) cites two assignments alleging the trial court's error in sustaining the exceptions of lis pendens and prematurity. Because we find the exception of prematurity properly sustained, we decline to address the propriety of lis pendens.
The trial court sustained the defendant-appellee's exception of prematurity on the basis of La.R.S. 23:1314 which requires that the certificate from the Office of Worker's Compensation Administration be attached to a claimant's petition. The penalty for noncompliance is mandatory dismissal of the plaintiff's claim. As no certificate was attached to the plaintiff-appellant's second petition filed on December 4, 1984, the exception of prematurity and subsequent dismissal of the plaintiff-appellant's petition was proper.
For the above and foregoing reasons the judgments of the district court in Dupre v. The Travelers Insurance Company, 477 So.2d 1279 (La.App. 3rd Cir.1985) (Our Docket No. 85-742), and Dupre v. The Travelers Insurance Company, 477 So.2d 1282 (La.App. 3rd Cir.1985) (Our Docket No. 85-229), are affirmed. All costs of both appeals are to be taxed to the appellant.
AFFIRMED.
LaBORDE, J., dissents.
NOTES
[1] Since the record before us supplies neither the district judge's reasons for judgment nor a transcript of the hearing on the exception, we presume that the trial judge sustained the exception of prematurity on the grounds urged by the defendant-appellee.
[2] La.R.S. 23:1209 provides in pertinent part:

"In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4)."