490 So.2d 756 (1986)
Rickey D. WEATHERALL, Plaintiff-Appellant,
v.
DUHON'S ELECTRICAL SERVICE & State Farm Fire & Casualty Company, Defendants-Appellees.
No. 85-731.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*757 Sylvia R. Cooks, Lafayette, for plaintiff-appellant.
Denis Paul Juge, Suzanne P. Keever and Richard M. Simses, New Orleans, for defendants-appellees.
Before FORET, PLANCHARD[*] and McNULTY[*], JJ.
FORET, Judge.
This is a worker's compensation case. Plaintiff, Rickey D. Weatherall, filed suit against his employer, Duhon's Electrical Service, Inc., and its worker's compensation carrier, State Farm Fire & Casualty Company, seeking the enforcement of a recommendation made by the Office of Worker's Compensation Administration. Defendants filed exceptions of prematurity and no cause of action. They contended that there was no cause of action to seek enforcement of a recommendation of the Office of Worker's Compensation Administration and that, in any case, plaintiff's suit was premature because no certificate of rejection issued by the Office of Worker's Compensation Administration had accompanied plaintiff's petition. The trial court granted the defendants' exception of prematurity, and plaintiff appealed. The sole issue before us on appeal is whether plaintiff's suit was premature.
Plaintiff suffered a work-related injury on September 13, 1983. Plaintiff made a timely application for worker's compensation benefits, and on October 5, 1984, a recommendation was rendered by the Office of Worker's Compensation Administration[1]. The recommendation was mailed to all parties as required by law, and none of the parties filed any objections to it. Subsequent to the Office's issuance of its recommendation, a dispute arose between plaintiff and defendants as to the meaning of the recommendation. At some point in *758 time, defendant insurance company ceased paying plaintiff worker's compensation benefits, contending that plaintiff was no longer disabled. Plaintiff contended that defendants' failure to continue to provide benefits was in violation of the Office's recommendation. Defendants maintained that it was totally consistent with the recommendation since, they alleged, plaintiff was no longer disabled.
Plaintiff filed suit to enforce the recommendation of the Office of Worker's Compensation Administration. Since no certificate of rejection had been issued by the Office, no such certificate was attached to plaintiff's petition. Based on this lack of a certificate of rejection, defendants filed an exception of prematurity, which was granted by the trial court.
Under LSA-R.S. 23:1311, a petition filed by an employee must be accompanied by a copy of the Office's certificate showing that its recommendation has been rejected. By its own terms, however, R.S. 23:1311 is applicable only to a suit which follows a rejection of the recommendation by one of the parties. Specifically, paragraph A of the statute limits the application of the statute to the situation where a "party rejects the recommendation of the office,...". The statute does not require an employee to attach a rejection certificate when both parties have accepted the Office's recommendation since, in such a case, no certificate of rejection could have been issued. In such a case, R.S. 23:1331's requirement that a certificate of rejection be attached to the petition is not applicable.
In the present case, neither party rejected the Office's recommendation within the allotted time and, as a result, both were conclusively presumed to have accepted the recommendation. According to defendant insurance company, it complied with the recommendation for a time. At some point in time, however, it unilaterally terminated benefits to plaintiff. Defendant insurance company could have sought a modification of the Office's recommendation, but it did not do so. Instead, it unilaterally ceased making payments, which, under administrative procedures, it had obligated itself to pay. The employer cannot force the employee to take back to the Office of Worker's Compensation Administration the issue of any right the employer may claim to cease payments to the plaintiff. By unilaterally ceasing payments, defendant insurance company gave plaintiff a right to resort to the courts for adjudication of his rights. Accordingly, the trial court erred when it dismissed plaintiff's suit as premature.

DECREE
For the foregoing reasons, the judgment of the trial court dismissing plaintiff's action is reversed, and this case is remanded to the trial court for further proceedings.
Costs of this appeal are assessed to defendants-appellees. Costs at the trial court level are to await final disposition of this matter.
REVERSED AND REMANDED.
NOTES
[*] Judge Arthur J. Planchard, of the 14th Judicial District Court, and Judge Michael J. McNulty, Jr., of the 16th Judicial District Court, participated in this opinion by appointment of the Louisiana Supreme Court as Judges Pro Tempore.
[1] The parties have admitted that this recommendation directed defendants to pay temporary total benefits to plaintiff from September 13, 1983, through the duration of plaintiff's temporary total disability.