499 So.2d 1074 (1986)
Richard Wayne NECAISE, Plaintiff-Appellant,
v.
A.C. COMPANY OF SOUTH LOUISIANA, INC., American Insurance Company and Fireman's Fund Insurance Company, Defendants-Appellees.
No. 85-1062.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
David K. Balfour, Lafayette, for plaintiff-appellant.
Denis Paul Juge, New Orleans, Kermit A. Doucet, Lafayette, David McCroskey, New Iberia, Chris G. Robins and Edward C. Abel, of Onebane and Assoc., Lafayette, for defendants-appellees.
Before FORET, STOKER and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not an employer and its worker's compensation insurance carrier can unilaterally take an "offset" provided for by LSA-R.S. 23:1225, from the worker's compensation benefits judicially owed to the employee under a court judgment, without first making a judicial demand and obtaining judicial approval for the "offset."
On September 25, 1984, Richard Wayne Necaise (hereinafter referred to as plaintiff) filed a written motion in the trial court requesting that the trial court order A.C. Company of South Louisiana, Inc., and its worker's compensation insurance carrier, Fireman's Fund Insurance Company (hereinafter referred to as the defendants), to show cause why they should not be ordered to pay worker's compensation benefits owed under a prior judgment, medical expenses, future medical care, and penalties and attorney's fees. All issues, except the defendants' right to claim an "offset", *1075 were disposed of by stipulation. A hearing was held and the trial court rendered judgment in favor of the defendants, which was signed on July 10, 1985, finding that the defendants had properly taken an "offset", pursuant to LSA-R.S. 23:1225, from the worker's compensation benefits judicially owed to plaintiff. From this judgment plaintiff has devolutively appealed. We reverse.

FACTS
In February, 1979, plaintiff was injured while in the course and scope of his employment with defendant, A.C. Company of South Louisiana, Inc. Plaintiff filed suit to collect worker's compensation benefits. After a trial on the merits, the trial court found that plaintiff was totally and permanently disabled as a result of the employment related injury and rendered judgment, which was signed on June 16, 1980, awarding plaintiff weekly compensation benefits of $141.00 per week, medical expenses, penalties and attorney's fees. The defendants commenced paying plaintiff the judicially ordered worker's compensation benefits.
Subsequent to the trial court judgment finding total and permanent disability, plaintiff incurred additional medical expenses which the defendants contended were not incurred as a result of the employment related injury. Pursuant to a rule filed by plaintiff, a hearing was held and the trial court rendered judgment, dated April 29, 1982, ordering the defendants to pay the medical expenses in question, as well as penalties and attorney's fees.
In September, 1982, plaintiff applied for Social Security disability benefits. Plaintiff's application for Social Security disability benefits was approved by the Social Security Administration on September 9, 1983, with the benefits payable retroactive to September, 1981. The Social Security Act permits the Social Security Administration to reduce the payment of Social Security disability benefits whenever the claimant is also receiving worker's compensation benefits. 42 U.S.C. 424a (1976). Since the Social Security Administration was aware of the fact that plaintiff was receiving worker's compensation benefits, the Social Security Administration took an "offset" from the Social Security benefits owed to plaintiff and his family, including the benefits owed from September, 1981 through September, 1983. After taking the offset ($544.60 per month), the Social Security Administration still paid plaintiff Social Security benefits of $199.40 per month. Due to cost of living increases by December, 1983 the Social Security benefits plaintiff and his family received were increased to $321.10 per month.
The defendants were aware of plaintiff's application for and receipt of Social Security disability benefits and on August 30, 1983 James Kenny, a general adjuster with Fireman's Fund Insurance Company, wrote to the Social Security Administration and asked that the defendants be given credit for the amount of the monthly worker's compensation benefits that the defendants were paying and for which the Social Security Administration had then taken an "offset" from plaintiff and his family's monthly Social Security benefits. After determining that plaintiff had been declared by judgment of court as totally and permanently disabled and that payment of worker's compensation benefits to plaintiff had been ordered by the Court, the Social Security Administration eventually removed the "offset" on May 3, 1984, at which time the Social Security benefits that had been withheld from plaintiff and his family due to the "offset", beginning in September, 1981 through May, 1984, in the amount of $17,373.30 were paid to plaintiff and his family.
The record does not indicate the exact date that the defendants stopped paying worker's compensation benefits to plaintiff. In brief to this Court, appellant states that the defendants started unilaterally claiming the "offset" and stopped plaintiff's worker's compensation benefits as of August 30, 1983, the date of the adjuster's letter to the Social Security Administration. Appellees, in their brief to this Court, deny *1076 that they stopped paying worker's compensation benefits to plaintiff until the Social Security Administration removed its offset. The allegations in plaintiff's rule state that defendants refused to pay worker's compensation benefits as of April 3, 1984. The record does contain a letter from Mr. Kenny addressed to the Social Security Administration, dated April 20, 1984, which states:
"You have received earlier correspondence on this file which should indicate that the offset as provided for [by] the Louisiana Workmen's Compensation Statute has been taken, but I would take this opportunity to advise formerly [sic] and again that this offset has been taken and to ask you to remove your offset immediately. Our offset is taken in accordance to that time in which it was proper for you to take your offset and we would ask that you advise us when you remove the Social Security Administration offset."
Thus, it appears from the record that defendants in fact did stop paying plaintiff worker's compensation benefits at some point in time before the Social Security Administration actually removed its "offset" on May 3, 1984.
On September 25, 1984, plaintiff filed a motion requesting that the defendants be ordered to show cause why they should not be condemned to pay outstanding and due worker's compensation benefits and medical benefits, to provide additional medical care recommended by treating physicians, and to pay attorney's fees and penalties. In a pre-hearing memorandum addressed to the trial court, the defendants alleged that they owed no weekly worker's compensation benefits to plaintiff because of their entitlement to the reduction of worker's compensation payments during the period of time when plaintiff received Social Security benefits, as provided for by LSA-R.S. 23:1225.
A hearing was held on June 3, 1985, at which time plaintiff and defendants stipulated to a compromise and settlement as to all issues presented by the plaintiff's rule except as to the issue of whether the defendants were entitled to the claimed offset, provided for by LSA-R.S. 23:1225, which the defendants had previously unilaterally taken from the worker's compensation benefits judicially owed to plaintiff. The trial court rendered judgment, dated July 10, 1985, in favor of the defendants and against plaintiff, finding that the defendants properly took the offset to which they were entitled and that the defendants properly applied the provisions of LSA-R.S. 23:1225. From this judgment, plaintiff has devolutively appealed, alleging that the trial court erred in allowing the defendants to unilaterally take credit for the offset in Social Security benefits paid to plaintiff without first making judicial demand and obtaining judicial approval for the offset retroactive to the date of that demand.

OFFSET FOR SOCIAL SECURITY DISABILITY BENEFITS
The sole question to be decided on this appeal is whether defendants were entitled to unilaterally take an offset, provided for by LSA-R.S. 23:1225, from the worker's compensation benefits judicially owed plaintiff without first seeking and obtaining judicial approval. LSA-R.S. 23:1225 A provides the following:
"The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and receiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and worker's compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided *1077 in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits provided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee's injury."
This Court discussed Section 1225, as well as its origin, in Lofton v. Louisiana Pacific Corp., 423 So.2d 1255 (La.App. 3rd Cir.1982), as follows:
"In 1978, La.R.S. 23:1225 was added to our workmen's compensation laws in response to a controversy between the state and federal governments over which entity was to pay disability benefits. Legislative Symposium, 39 La.L. Rev. 237, 244 (1978). Prior thereto, an individual's Social Security benefits were reduced to the extent of state workmen's compensation disability benefits provided the claimant had not yet reached the age of 62. 42 U.S.C. § 424(a) (1976). The Louisiana Legislature apparently decided that if any entity was to have decreased liability as a result of benefit coordination, it should be the state or, as the case may be, the state employer or its carrier. Accordingly, R.S. 23:1225 was added. At least ten other states have similar provisions. 4 Larsen, Workmen's Compensation § 97.35 (1978 & Supp.1982). The Louisiana provision states that there shall be an offset to permanent total compensation for federal disability benefits only to the extent that the combined amount would result in reduction of Old Age, Survivors, and Disability Insurance payments." (Footnote omitted.) Lofton v. Louisiana Pacific Corp., 423 So.2d 1255, at page 1257 (La.App. 3rd Cir. 1982).
In Lofton, supra, this Court further stated:
"In light of the participatory scheme of social security, to wit: the employee having contributed half of the `premium' for his coverage, we find that defendant's liability is reduced only prospectively from the date it exercises its right. The statute is not self-operative. Prior to the employer's assertion of right the employee is entitled to Social Security benefits, the employer cannot retroactively recoup payments." Lofton v. Louisiana Pacific Corp., supra, at page 1258.
As this court stated in Lofton, supra, and as two other Louisiana appellate courts have stated, this offset allowed to the employer and its insurer under LSA-R.S. 23:1225 does not take effect until there is a judicial demand for and judicial approval of the claimed offset. See Sanchez v. Viccinelli Sheet Metal & Roofing, 473 So.2d 335 (La.App. 1st Cir.1985), writ den., 477 So.2d 1124 (La.1985); Jackson v. Maloney Trucking & Storage, Inc., 442 So.2d 849 (La.App. 4th Cir.1983).
In the instant case, the defendants never made a judicial demand for nor obtained judicial approval before taking the offset. Although defendants stated in their prehearing memorandum, in response to plaintiff's rule, that they were taking the offset as provided for by LSA-R.S. 23:1225, this does not constitute a judicial demand prior to the defendants' taking the offset.
Defendants argue that plaintiff and his family would not have received the $17,373.30 from the Social Security Administration, which the defendants claim is a "windfall", had it not been for their request that the Social Security Administration remove its offset, and that plaintiff has not been injured by the offset which the defendants have unilaterally taken. The Social Security Administration is not a party to this suit, and we will therefore not speculate as to whether plaintiff has received a "windfall" as a result of its actions. However, we do note that from the evidence in the record, contrary to assertions made by the defendants in their appellate brief, that the defendants unilaterally took their offset from the worker's compensation benefits the defendants judicially owed to plaintiff prior to the Social Security Administration's removal of its offset from the Social Security benefits owed to plaintiff. This is the very *1078 reason why the offset provided for by LSA-R.S. 23:1225 must be sought by judicial demand; the disabled employee must not be forced to endure a period of time when he is not receiving his due portion of benefits simply because the Social Security Administration and the employer or its insurer have failed to properly coordinate the termination and activation of their respective offsets. We conclude that defendants did not properly comply with LSA-R.S. 23:1225, and were not entitled to the offset, as provided by LSA-R.S. 23:1225, until they had first made a judicial demand for the offset and had obtained judicial approval to take the offset. To permit the defendants the credit they have unilaterally sought would permit the defendants to unilaterally ignore the judgment of the Court originally rendered against them, after a trial on the merits, which ordered the defendants to pay plaintiff worker's compensation benefits. An adequate remedy exists at law for modification of the original judgment of court ordering the defendants to pay worker's compensation benefits to plaintiff. See LSA-R.S. 23:1331. The defendants cannot simply ignore and not comply with the court's judgment under the guise of claiming an "offset" to the payments they were judicially ordered to make.

EFFECTIVE DATE OF OFFSET
The law does not require a vain and useless act. The defendants asserted their claim for offset in defense to the rule brought by plaintiff. The Court rendered judgment recognizing the defendants' right to claim an offset on June 6, 1985 and a formal judgment on the rule was signed on July 10, 1985. The trial judge, in his written reasons for judgment, noted that the defendants were entitled to claim the offset and said "In closing, the Court observes that while defendants' prooceedure [sic] in this case was proper, it was not the preferred proceedure [sic]. A preferred proocedure [sic] would be for defendants to seek judicial recognition of the offset." The statute providing for the offset, LSA-R.S. 23:1225, does not provide a procedure for an employer and his insurer to claim an offset for payment of Social Security disability benefit payments. However, the appellate courts of this state have uniformly recognized that a judicial demand is necessary before an employer and its insurer can take an offset under the provisions of LSA-R.S. 23:1225. See Lofton v. Louisiana Pacific Corp., supra; Sanchez v. Viccinelli Sheet Metal & Roofing, supra; Jackson v. Maloney Trucking & Storage, Inc., supra. As the defendants' right to claim the offset was judicially recognized by the trial court when a judgment was signed on July 10, 1985, it would be a vain and useless thing to now require the defendants to again make a judicial demand for the offset. As we opined in Lofton, supra, ordinarily the offset should take effect from the date of judicial demand rather than from the date of rendition of judgment. However, as in Lofton, supra, under the circumstances of this case we will grant relief to the defendants, only from the date the trial court judgment was signed, under our authority to render a judgment on appeal which is just, legal and proper on the record. LSA-C.C.P. Art. 2164.
For the foregoing reasons, the judgment of the trial court is amended and judgment is now rendered in favor of plaintiff and against the defendants, awarding plaintiff all past due weekly worker's compensation benefits that were ordered by judgment of Court signed on June 16, 1980 and which have not been paid through the date of July 10, 1985, with legal interest on all past due payments from their due date, until paid.
All costs of the trial court and the appellate court are taxed to defendant-appellee.
AMENDED AND AFFIRMED.