DOUCET, Judge.
Plaintiff, Alcin Bellard, while in the employ of South Louisiana Contractors, Inc., slipped and fell on July 26, 1985 while attempting to get a water cooler out of the back of a truck. As a result of the accident, plaintiff severely injured his back.
Subsequent to the accident, plaintiff submitted his claim to the Department of Labor, Office of Worker’s Compensation, at which time a recommendation was issued. Plaintiff rejected this recommendation.
Plaintiff filed suit seeking permanent total worker’s compensation benefits. Made defendants were South Louisiana Contractors, Inc., and North American Underwriters. North American Underwriters were found to be an improper co-defendant and Reliance Insurance Company was made a co-defendant in its stead.
Defendant filed an exception of prematurity and after a denial of this exception, trial was held on March 19,1986. On April 14, 1986, Judge Joseph E. Coreil rendered judgment finding plaintiff, Alcin Bellard, to be “totally and permanently disabled” within the meaning of the worker’s compensation statute and held that compensation was due plaintiff from July 27, 1985 throughout the period of his disability. Penalties and attorney’s fees were also awarded. It is from this judgment that defendant now appeals.
Defendant, on appeal, specifies four assignments of error, the' first being that “The trial court erred in denying the defendant’s exception of prematurity since Alcin Bellard’s claim had never properly been brought before the director of workmen’s compensation as a disputed claim.” While we agree with defendant that the trial court erred in denying his exception of prematurity, our reasoning is somewhat different than the reasoning supplied by defendant in its appellate brief.
In Dupre v. Travelers Ins. Co., 477 So.2d 1279 (La.App.3rd Cir.1985), we were faced with precisely the same facts and issues as we are faced with today. In Dupre, we tested the validity of a judgment sustaining an exception of prematurity by determining whether the plaintiff had met the require- *831 mente of La.R.S. 23:1314. authority reads as follows: That statutory
“§ 1314. Necessary allegations; dismissal of premature petition
A. The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3) The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.-1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim. Amended by Acte 1950, No. 539, § 1; Acte 1983, 1st Ex.Sess., No. 1, § 1, eff. July 1, 1983.”
After finding that the employee had not met any of the three conditions required under subsection A, we concluded as follows:
“[1] The appellant argues in this appeal that although he was receiving a monthly check totalling the maximum percentage of wages for which he was eligible, such payments were based on the appel-lee’s calculation under temporary total benefits. Even though the appellant could not receive any greater monthly compensation, he brought his suit to insure payment under a permanent total schedule of benefits. The appellant further reasons that since La.R.S. 23:1311 requires a claimant to file a worker’s compensation suit in the district court within sixty days of receiving the certificate from the Office, a filing delay until the appellee discontinued monthly payments would allow his claim to prescribe. We find the decision of the trial court to be without error. First, the appellant has not satisfied the second condition of La.R.S. 23:1314. The appellant has attempted to show that La.R.S. 23:1314 A(l) is applicable to his case. However, at the time the petition was filed, Mr. Dupre was receiving monthly worker’s compensation payments at the maximum percentage of wages to which he was entitled. Further, it is obvious that the appellee did not refuse to pay the maximum amount to which Mr. Dupre was entitled since those payments were actually being made.”
In the instant situation, plaintiff is basing his claim to a right to go to trial on the “dispute” over whether or not what is being paid him should be for temporary or total disability. In the Dupre case, we held that such did not make any difference as long as the check or checks represented the maximum percentage of wages for which the employee was eligible, and it made no difference that these were calculated under the temporary total benefits provision. Thus, following the rationale in Dupre, supra, in the instant situation it would make no difference if there was not a bona fide dispute before the office of worker’s compensation; rather, the pertinent inquiry is whether or not plaintiff was receiving the maximum percentage of wages to which he was entitled.
In the case at bar, it is clear from a factual standpoint that plaintiff had received the monthly compensation checks and all of the medical expenses that were due him. Additionally, there is no evidence in the record that plaintiff was denied any medical reports. Thus, we find that plaintiff did not meet the requirements of La. *832 R.S. 23:1314. As such, the trial court erred when it denied defendant’s exception of prematurity.
Having found the action in the trial court premature, the final three assignments of error need not be addressed.
Accordingly, for the foregoing reasons, the judgment of the district court is reversed and dismissed. All costs of this appeal are assessed to plaintiff-appellee.
REVERSED AND DISMISSED.