563 So.2d 1319 (1990)
Alcin BELLARD, Plaintiff-Appellant,
v.
SOUTH LOUISIANA CONTRACTORS, INC., Defendant-Appellee.
No. 89-226.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1990.
Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, John F. Wilkes, III, Lafayette for defendant-appellee.
*1320 Before DOMENGEAUX, C.J., and GUIDRY and KNOLL, JJ.
GUIDRY, Judge.
In this worker's compensation case, plaintiff, Alcin Bellard, appeals a judgment of the trial court dismissing, as premature, his suit against South Louisiana Contractors, Inc. (SOLOCO). We affirm.
Plaintiff, Alcin Bellard, slipped and fell severely injuring his back on July 26, 1985, while in the course and scope of his employment with defendant, SOLOCO. Defendant immediately began paying Bellard worker's compensation benefits and all of his related medical expenses. Despite the fact that all of plaintiff's medical expenses were being paid and that he was being paid the maximum percentage of wages for which he was eligible, Bellard filed a claim with the Office of Worker's Compensation (OWC). This action was taken without any notification to his employer, SOLOCO.
The OWC issued a recommendation, dated September 19, 1985, ordering the payment of temporary total disability benefits to plaintiff "... from July 27, 1985 until he is physically able to return to gainful employment". This recommendation was received by Bellard and his attorney on September 27, 1985, and by SOLOCO on October 1, 1985. According to defendant, this was the first notice it had that Bellard had filed a claim with the OWC.
Thereafter, although the OWC's recommendation was favorable to the plaintiff, he rejected it and filed suit. Defendant, SOLOCO, filed an exception of prematurity based on two grounds: (1) plaintiff's claim was never properly brought before the OWC because the defendant was not notified of the filing and thus was denied due process of law; and, (2) there was not a bona fide dispute to be resolved by the OWC, as when Bellard's claim was filed he was receiving and had received since July 26, 1985, the full amount of worker's compensation benefits to which he was entitled plus the cost of all medical treatment occasioned by his injuries. The trial court overruled defendant's exception and found plaintiff to be totally and permanently disabled. Defendant appealed. This court, in Bellard v. South Louisiana Contractors, Inc., 513 So.2d 830 (La.App. 3rd Cir. 1987), reversed the trial court and ordered plaintiff's suit dismissed reasoning that, as plaintiff had received and continued to receive the maximum percentage of wages to which he was entitled, his suit was premature. Relying on Dupre v. Travelers Ins. Co., 477 So.2d 1279 (La.App. 3rd Cir.1985), we rejected plaintiff's contention that, although he was receiving the maximum monthly compensation benefits for which he was eligible, he was entitled to a determination whether payments were being made for temporary total disability or permanent total disability.
Presumably, in June 1988, defendant reduced plaintiff's weekly worker's compensation payments pursuant to La. R.S. 23:1225 because of his receipt of social security benefits. Thereafter, plaintiff filed this suit seeking reinstatement of full benefits plus penalties and attorney's fees. Attached to plaintiff's petition was the OWC recommendation issued by the OWC on October 10, 1985, which plaintiff had previously rejected. Defendant once again answered plaintiff's suit with an exception of prematurity. The trial court sustained the exception and plaintiff appealed.
On appeal, plaintiff-appellant contends that his action is not premature as defendant had no right to unilaterally take the offset allowed by La. R.S. 23:1225. In support of his contention, plaintiff relies on our decisions in Weatherall v. Duhon's Elec. Service, 490 So.2d 756 (La.App. 3rd Cir.1986) and Necaise v. A.C. Co. of South Louisiana, Inc., 499 So.2d 1074 (La.App. 3rd Cir.1986).
In support of the trial court's judgment, defendant-appellee urges that Bellard's action is premature because, unlike Weatherall and Necaise, there has never been official action either by the OWC or the *1321 courts fixing the compensation payments to which plaintiff is entitled. SOLOCO argues that since plaintiff's injury in July 1985 it has voluntarily made compensation payments to Bellard and therefore, it was entitled to claim the offset allowed by La. R.S. 23:1225 without first securing OWC authority or court authority. Appellee further urges that if plaintiff disputes its right to take such offset, then Bellard must file a claim with the OWC seeking a recommendation and thereafter, if said recommendation is not satisfactory, reject it and pursue the matter in the courts. We agree.
The Weatherall and Necaise cases, supra, relied upon by appellant are clearly distinguishable and not applicable to the case at bar. In Necaise, supra, we held that an employer and its insurer could not unilaterally take the "offset" provided for by La. R.S. 23:1225 from the worker's compensation benefits judicially owed to the employee under a court judgment, but rather was first required to make judicial demand and obtain judicial approval for the "offset". In Weatherall, supra, we reached a like conclusion where the employer unilaterally terminated the compensation payments which the employee was receiving pursuant to a recommendation issued by the OWC and accepted by both parties. Under those circumstances, we held that:
"... Defendant insurance company could have sought a modification of the Office's recommendation, but it did not do so. Instead, it unilaterally ceased making payments, which, under administrative procedures, it had obligated itself to pay. The employer cannot force the employee to take back to the Office of Worker's Compensation Administration the issue of any right the employer may claim to cease payments to the plaintiff. By unilaterally ceasing payments, defendant insurance company gave plaintiff a right to resort to the courts for adjudication of his rights...."
Weatherall, supra, 490 So.2d at 758.
As aforestated, in this case, the worker's compensation benefits being received by the plaintiff have never been judicially fixed and ordered nor were they made pursuant to an OWC recommendation accepted by both parties. Rather, since plaintiff's injury, defendant has made voluntary payment. Under such circumstances, we find that defendant was at liberty to unilaterally claim the offset by La. R.S. 23:1225. If plaintiff disputes defendant's right to this offset, plaintiff must first submit the dispute to the OWC to obtain its recommendation. Therefore, the instant suit is premature.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.