571 So.2d 221 (1990)
Timothy FONTENOT, Plaintiff-Appellee,
v.
Susan Lorraine Daville FONTENOT, Defendant-Appellant.
No. 89-608.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1990.
*222 Christopher B. Fruge, Ville Platte, for plaintiff-appellee.
Gary J. Ortego, Ville Platte, for defendant-appellant.
Before STOKER, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
This appeal is from a partition of community property. The question is what portion of a workmen's compensation settlement, made after the termination of the community property regime, belongs to the community.
Timothy Fontenot and Susan Fontenot, husband and wife, were living together on January 16, 1984, when he was injured on the job while employed by Ashy Enterprises. He was paid workmen's compensation benefits of $147 a week until benefits were terminated on February 18, 1985. The community of acquets and gains was terminated on May 12, 1986. In April 1987 Fontenot settled his workmen's compensation claim for $30,000.
After the settlement, Susan obtained an order in the partition proceedings requiring Timothy to account for her share of the settlement. She relied on the law that the portion of damages sustained by a spouse due to personal injury attributable to compensation for the loss of community earnings, is community property. La.C.C. art. 2344. Damages in this context includes workmen's compensation benefits. Id; Comment (a).
Specifically, she asked for an accounting for the 15 month period during which the community was intact but Timothy was not receiving weekly benefits. The parties agreed at the trial of the rule that that period amounted to 64 weeks. The trial judge ordered Timothy to account for one-half of the workmen's compensation "back time" benefits paid to him in his settlement.
Timothy rendered the accounting, showing that the "back time" benefits were $11,223 but explaining that the settlement took into consideration a $481.40 monthly offset to be provided by the Social Security Administration, and a monthly workmen's compensation benefit from Ashy Enterprises of $155.60. The accounting concluded with the calculation that half of the workmen's compensation monthly benefits for 15 months at $155.60 a month was $1,167.
Richard W. Vidrine, an attorney, who represented Timothy in his workmen's compensation claim, gave an explanation of the approach used in evaluating the workmen's compensation case and reaching a settlement:
We made our settlement on the basis that Mr. Fontenot would receive $155.50 per month. That would be his worker's compensation rate inasmuch as he'd be entitled to an offset from the Social Security Administration. He'd be entitled to reverse offset. Ashy Enterprises would be entitled to the offset at the rate of $481.40 a month.
At the time of this partition hearing, Timothy had not yet received any of his *223 "reverse offset" from the Social Security Administration, because that subject was still in litigation before the administrative court. It appears from the record that when the Social Security Administration learned of the settlement it pro-rated retroactively the workmen's compensation settlement back to February 18, 1985 (the date workmen's compensation benefits were terminated) in order to make its own offset computation.
The trial court concluded that Susan was entitled to one-half of $155.60 a month for 15 months and rendered a judgment accordingly. Susan appealed.
We disagree with the trial court, and amend the judgment to recognize her right to $4,704. This is one-half of $147 a week for 64 weeks = $9,408. We believe that the only evidence in the record that we can properly consider is the weekly rate of compensation benefits that Timothy was entitled to during disability, and the fact that the amount of the settlement would have paid compensation benefits at the weekly rate until some time after the community was terminated.
We do not see how the offset provided by La.R.S. 23:1225 can be used to establish the loss of community earnings between February 18, 1985, and May 12, 1986, involving a workmen's compensation settlement made in 1987. Under this statute, before an employer's right to an offset can be recognized, it must be judicially demanded and approved. Lofton v. Louisiana Pacific Corporation, 423 So.2d 1255 (La.App. 3d Cir.1982); Necaise v. A.C. Company of South Louisiana, Inc., 499 So.2d 1074 (La. App. 3d Cir.1986). That has never happened in this case, and never will. Thus, we cannot utilize the employer's right to an offset for Social Security disability benefits, as part of the formula for calculating the value of this community asset.
To determine what amount of the settlement represents community income, the only question that needs to be asked is what portion of it was paid in lieu of income. It does not matter who would ultimately pay it. Of the total settlement, about $8,000 was medical and the rest compensation. The only reasonable way that we can calculate the value of this community asset is to regard the settlement as representing weekly benefits at $147 a week from February 18, 1985, until the fund is exhausted.
For the reasons assigned, the judgment of the trial court is amended to recognize as a community asset in the partition of community property, the sum of $9,408, being the portion of the workmen's compensation settlement of April 1987 attributable in compensation of the loss of community earnings. Timothy Fontenot will bear the costs of this appeal.
AMENDED AND AFFIRMED.