736 So.2d 226 (1999)
Walter SPINKS, PlaintiffAppellant,
v.
JAMES HUTCHINS FARMS, DefendantAppellee.
No. 98-811.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
Dorwan Gene Vizzier, Alexandria, for Walter Spinks.
*227 Howard Battle Gist III, Alexandria, for James Hutchins Farms.
BEFORE: YELVERTON, WOODARD, and PICKETT, Judges.
WOODARD, Judge.
In this workers' compensation case, the employee, Mr. Walter B. Spinks, appeals a workers' compensation judge's denial of his claim for statutory penalties and attorney's fees against his employer, James Hutchins Farm (JHF), and its workers' compensation insurer, the Employer Insurance of Wassau (Wassau). Finding that Wassau acted arbitrarily, capriciously, and without probable cause, we reverse.

FACTS
Mr. Spinks injured his back and left knee in a fall from an eighteen-wheeler truck, while in the course and scope of his employment as an equipment operator for JHF, on August 17, 1992.
Wassau voluntarily paid Mr. Spinks workers' compensation benefits at the rate of $295.00 per week. Mr. Spinks was also awarded monthly social security benefits at the rate of $678.00.
On January 1, 1997, the Social Security Administration (SSA) notified Mr. Spinks of its decision to offset his social security benefits, effective February of 1997, pursuant to 42 U.S.C. § 424a. Mr. Spinks' benefits were reduced to thirty-two dollars per month, his cost of living adjustment.
Subsequently, on February 25, 1997, Wassau notified Mr. Spinks and the SSA that it would offset Mr. Spinks' workers' compensation benefits, pursuant to La.R.S. 12:1225. Mr. Keith M. Christie, Wassau's claim supervisor, notified Mr. Spinks that Wassau would pay him $60.30 per week, thus withholding $234.70 per week. By mistake, Wassau withheld $239.70 per week, only compensating Mr. Spinks at the rate of $55.30 per week.
In a letter dated June 20, 1997, Mr. Spinks advised Wassau of the SSA offset. He requested that Wassau recalculate its offset based upon the actual social security benefits that he received. On July 17, 1997, he filed a petition against Wassau at the Office of Workers' Compensation (OWC), alleging that Wassau's offset calculation was improper. On July 21 1997, Wassau increased his workers' compensation benefits to $128.96 per week.
In a letter dated September 22, 1997, Wassau requested that Mr. James Bacot, a dispute resolution officer at the OWC, review its entitlement to the offset. On September 23, 1997, Wassau paid Mr. Spinks $242.59 to cover previous underpayment.
Mr. Bacot answered Wassau's request on December 17, 1997. He stated, in pertinent part:
This letter is in response to the request made by the defendant in correspondence dated September 22, 1997, requesting a computation of offset based upon claimant's receipt of social security benefits. The information submitted with the request was reviewed thoroughly but did not provide adequate information to reach a conclusion.

(Emphasis added.)
Pursuant to a hearing held on January 30, 1998, the workers' compensation judge entered a judgment for Mr. Spinks, directing Wassau to pay him $295.00 weekly, retroactive to February 27, 1997. The workers' compensation judge also found Wassau to be entitled to a $234.70 weekly offset, concurrent with the SSA's reinstatement of benefits. Finally, the workers' compensation judge denied Mr. Spinks' claim for statutory penalties and attorney's fees. Mr. Spinks appeals.

LAW

PENALTIES AND ATTORNEY'S FEES
The only assignment of error alleged by Mr. Spinks is that the workers' compensation judge erred by failing to award him penalties and attorney's fees. He also contends that he is entitled to *228 additional attorney's fees for the prosecution of this appeal.
An employee, seeking penalties and attorney's fees for discontinuance of workers' compensation benefits by an employer or his workers' compensation insurer, must satisfy the requirements set forth by La. R.S. 23:1201.2. The statute provides in relevant part:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney's fees for the prosecution and collection of such claims.
In a recent decision, the supreme court specified that a discontinuance of benefits is arbitrary and capricious or without probable cause when it is the result of a "willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation." Brown v. Texas-La. Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885.
Penalties and attorney's fees are not automatically applied upon nonpayment of the employee's benefits, although the insurer's decision is ultimately found erroneous. Miles v. F.D. Shay Contractor, Inc., 626 So.2d 74 (La.App. 3 Cir.1993). This court in Miles, also specified the nature of penalties and attorney's fees as follows:
The statutes authorizing penalties and attorney's fees where the insurer is arbitrary, capricious, or without probable cause in terminating compensation benefits are penal in nature and must be strictly construed so that insurers are not penalized for contesting a close factual question in a workers' compensation proceeding and relying on valid defenses.
Id. at 78.
Nevertheless, in Stegall v. J & J Exterminating, 94-1279 (La.App. 3 Cir. 3/1/95), 651 So.2d 400, 403, we found that "penalties and attorney's fees have been imposed where the insurer gathers incomplete data in preparing the claim or makes no attempt to correct an error that was pointed out to it. An insurer may not proceed with an attitude of indifference to the injured worker's situation." (Citations omitted.)
The determination of whether an employee may be awarded penalties and attorney's fees is a question of fact. We will not disturb the workers' compensation judge's decision on review, absent a finding of manifest error. Fontenot v. J.K. Richard Trucking, 97-220 (La.App. 3 Cir. 6/4/97); 696 So.2d 176.
In the instant case, the workers' compensation judge denied Mr. Spinks' claim for attorney's fees and penalties. In her reasons for judgment she stated, in pertinent part:
In reference to the issue of penalties and attorney's fees the Court denies the claimant's request for penalties and attorney's fees. Although the Court feels that it was not proper for the defendant to take the offset at the time that they did, I do find that they were not arbitrary and capricious in taking it because they had a factual basis upon which to do so.

(Emphasis added.)
Mr. Spinks claims that the workers' compensation judge erred in considering Wassau's initial right to assert an offset, without giving any weight to the events following February 25, 1997.
Wassau asserts that it had the right to unilaterally take an offset when it voluntarily paid Mr. Spinks' benefits. Wassau argues that based on the facts that it knew on February 25, 1997, it acted in good faith in taking the offset, that the workers' compensation judge found that it had a factual basis to do so; thus, its decision was not a manifest error. Wassau points out that it *229 increased Mr. Spinks' benefits once notified of the SSA offset. It alleges that it should not be penalized for having miscalculated the amount of Mr. Spinks' benefits because it immediately rectified its clerical error upon discovering the underpayment.
In Necaise v. A.C. Co. of South La. Inc., 499 So.2d 1074 (La.App. 3 Cir.1986), we held that an employer was not entitled to unilaterally claim an offset of judicially owed workers' compensation benefits, without preliminary judicial approval. Nevertheless, in Bellard v. South La. Contractors, 563 So.2d 1319 (La.App. 3 Cir.1990), we held that an employer could unilaterally offset the employee's workers' compensation benefits, that is without judicial demand, when the employer's payment of benefits was voluntary. However, Mr. Bellard's social security benefits were never discontinued, neither before nor after the insurer's assertion of an offset. In Hebert v. CIGNA, 93-1400 (La.App. 3 Cir. 5/25/94); 637 So.2d 1221, we found that the insurer's termination of workers' compensation benefits was not arbitrary and capricious because it was concurrent to Mr. Hebert's receipt of SSA benefits. In reaching our decision, we stated:
While we find that the unilateral termination of benefits under the aforementioned facts is not per se arbitrary and capricious, a court should closely scrutinize a plaintiff's claim of arbitrary and capricious action on the part of his employer or his insurer in cases where such a unilateral offset is taken. The court must insure that a disabled employee is not forced to endure a period of time when he is not receiving his due portion of benefits simply because the Social Security Administration and the employer or his insurer failed to properly coordinate the termination and activation of their respective offsets. See, Necaise, 499 So.2d 1074, 1076. Additionally, as in every claim, a court should examine the facts and law under which an employer or his insurer terminates or reduces payments to determine if it was arbitrary or capricious on other grounds.
Id. at 1228 (emphasis added).
In the instant case, it is undisputed that Wassau compensated Mr. Spinks voluntarily. It is established that Mr. Spinks' social security benefits were stopped in February of 1997, a short time prior to Wassau's offset. The record also reveals that Wassau notified the SSA of its offset. Wassau's decision to take the offset was suggested by the OWC and came into effect only after it received information from the OWC relating to Mr. Spinks' receipt of social security benefits. Thus, in light of our jurisprudence in Bellard and Hebert and in spite of the fact of Wassau's mistaken underpayment of Mr. Spinks' benefits, it would seem that the workers' compensation judge was not clearly wrong in finding that Wassau had a factual basis for the offset, accordingly finding that penalties and attorney's fees were not warranted.
Nevertheless, our decisions in Bellard and Hebert were predicated upon the employee's uninterrupted receipt of full benefits, whether from the insurer or the SSA. In contrast, Mr. Spinks did not receive one-half the benefits that he was owed by Wassau for nearly a year, and he only received $32.00 from the SSA.
The record reflects that in a letter dated June 20, 1997, Wassau was clearly and unambiguously notified by Mr. Spinks' counsel of the SSA's offset. Nevertheless, Wassau did not review its offset calculation until it notified Mr. Spinks and the SSA of a new offset calculation in a letter dated July 21. Further, the new calculation of the offset was erroneous. This time, the nature of the error was not clerical, but was made in plain disregard and indifference to the information provided by Mr. Spinks regarding the actual amount of the SSA's offset. It does not appear from the record that Wassau attempted to ascertain from the SSA whether the information provided by Mr. Spinks was accurate. Thus, at that time and for the aforementioned reasons quoted in Hebert, Wassau's disregard of Mr. Spinks' demand was arbitrary, *230 capricious, and without probable cause. We do not view Wassau's submission of the offset calculation to Mr. Bacot of the OWC on September 21, 1997 to be a good faith attempt to have Mr. Spinks receive the appropriate amount of benefits, because it did not provide Mr. Bacot with adequate information to reach a conclusion.
It is not clear from the workers' compensation judge's reasons for judgment whether the judge considered the events taking place after June 20, 1997, or merely the events that occurred prior to the taking of the offset, to deny Mr. Spinks' claim for penalties and attorney's fees. Nevertheless, after a thorough review of the entire record, we do not see any factual basis upon which the judge could have concluded that Wassau was not arbitrary, capricious, or had probable cause in not reinstating Mr. Spinks' full benefits. Thus, we find that the workers' compensation judge's denial of Mr. Spinks' claim for penalties and attorney's fees was manifestly erroneous.
For the herein above stated reasons, we hold Wassau liable for penalties, representing twelve-percent of the total amount of the claim that the workers' compensation judge found due by Wassau. We also find Wassau liable for $5,500.00 in attorney's fees, representing services at the workers' compensation court and on appeal.

CONCLUSION
We reverse the workers' compensation judge's decision, denying Mr. Spinks' claim for statutory penalties and attorney's fees. We hold that Wassau is liable for penalties of twelve-percent of the amount of the claim that the workers' compensation judge found due by Wassau, as well as $5,500.00 in attorney's fees. All costs are taxed against Wassau.
REVERSED.