[ 1WOODARD, J.,
dissenting in part.
I respectfully dissent from that portion of the court’s opinion that fails to award penalties and attorney’s fees to Mr. Daigle.
Employers and their insurers have a duty under our Workers’ Compensation laws to pay benefits to a worker injured on the job. Implicit in that important duty is the requirement that, in those instances where the worker may be entitled to Social Security Disability benefits, the employer must properly coordinate the termination and activation of the respective offsets. The employer must insure that the injured worker and his family does not suffer while enduring a period of time when the worker is not receiving his due portion of benefits because the employer and the Social Security Administration failed to properly coordinate benefits due to the worker. This duty of coordination of benefits by the employer, or its insurer, has been the law in this circuit since 1986. See, Necaise v. A.C. Co. of South La., Inc., 499 So.2d 1074 (La.App. 3 Cir.1986). Thus, the employer cannot, now, reasonably claim that it had no notice of the law.
Employers National Insurance Company, et al., had the right to unilaterally take an offset, as it voluntarily paid benefits to Mr. Daigle. However, before doing so, it [2had the duty, to coordinate its offset with the Social Security Administration in order to protect Mr. Daigle from being deprived of benefits due to him. Only after determining that the Social Security Administration would not be taking an offset, did the employer have a right to proceed with taking its own.
Having taken an offset without coordination, the employer breached its duty. This amounted to arbitrary and capricious conduct for which the law requires the assessment of penalties and attorney’s fees. See generally, Hebert v. CIGNA, 93-1400 (La. App. 3 Cir. 5/25/94); 637 So.2d 1221.