635 So.2d 583 (1994)
CITY OF PINEVILLE, Plaintiff/Appellant,
v.
Howard L. COLEMAN, Defendant/Appellee.
No. 93-944.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
Rehearing Denied May 19, 1994.
Christopher Richard Philipp, Lafayette, for City of Pineville.
Daniel Elmo Broussard Jr., Alexandria, for Howard L. Coleman.
Before WOODARD and DECUIR, JJ., and BERTRAND[*], J. Pro Tem.
*584 LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
The City of Pineville sued its former fire chief, Howard Coleman, seeking a reduction in the workers' compensation benefits it had been paying to Coleman by a percentage of Coleman's social security retirement benefits. The hearing officer concluded that the statutory authority cited by the City, La.R.S. 23:1225C(1), was not applicable to the instant situation because Coleman became eligible for and had been receiving his retirement benefits before he began working for the City. The City appeals the judgment denying the relief requested. For the following reasons, and for those assigned in this court's recent decision of Town of Berwick v. Justilian, 634 So.2d 1365 (La.App. 3d Cir.1994), we reverse and remand.
Howard Coleman began receiving his social security retirement checks in December of 1983, the month following his 66th birthday. Approximately three years later, on January 10, 1986, Coleman became employed by the City as its fire chief. The income that Coleman earned from this employment resulted in a temporary suspension of his social security benefits, but they were reinstated when he reached the age of 70, in 1987. While employed by the City, Coleman became disabled due to a coronary condition. He officially retired on November 1, 1989. Coleman subsequently began receiving workers' compensation benefits from the City pursuant to La.R.S. 33:2581 at a rate of $267.00 per week based upon an average weekly wage of $481.67. On July 16, 1991, the City filed the instant suit, seeking to reduce its compensation obligation because of Coleman's receipt of his social security retirement benefits.
In 1978, the legislature enacted La.R.S. 23:1225 (now La.R.S. 23:1225 A), which provides for a reduction in a claimant's permanent and total workers' compensation benefits when the claimant is also receiving social security disability benefits. The reduction allowed by that section has not been applied when the claimant is receiving social security retirement benefits. See Fontenot v. Sunland Construction Co., Inc., 585 So.2d 607 (La.App. 3d Cir.), writ denied, 589 So.2d 494 (La.1991). However, in 1983, the legislature added, inter alia, subsection C to La.R.S. 23:1225, providing for a reduction in workers' compensation benefits when the employee also receives remuneration from other specified sources, including social security old-age insurance benefits. At the time that Coleman became eligible for workers' compensation benefits, La.R.S. 23:1225 C(1) read as follows:
C. (1) If an employee receives remuneration from: (a) benefits under the Louisiana worker's compensation law, (b) old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee, (c) benefits under disability benefit plans in the proportion funded by an employer, and (d) any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of the average weekly wages of the employee at the time of the injury. (Emphasis added.)[1]
The hearing officer concluded that the above statute contemplated only those cases where the employee is injured and later begins receiving social security benefits "for the same injury." The hearing officer denied the City's request for an offset, in part, because the City failed to show that it contributed to the funding of Coleman's benefits.
Although we understand the hearing officer's reluctance to award the City an offset under the facts of this case, we cannot adopt such a restrictive interpretation of La.R.S. 23:1225 C(1). First, we must reject the conclusion *585 that subsection C applies only to benefits received "for the same injury." Disability benefits are covered under subsection A; with the addition of subsection C, which includes "old-age insurance benefits," the legislature permitted employers to claim an offset when the employee is receiving benefits that are not related to a specific injury. Second, we find no requirement in the statute that the employer claiming the credit must have also contributed to the employee's retirement benefits. To the contrary, the statute limits the credit for such benefits only "to the extent not funded by the employee." We therefore reject the dicta in Behmke v. K-Mart Corp., 581 So.2d 291 (La.App. 5th Cir. 1991), suggesting that the statutory credit is not applicable where only the employee and his predecessor employers have funded the benefit payments.
We recognize that La.R.S. 23:1225 C(1), which constitutes a restriction on an injured employee's right to compensation, must be strictly construed. Cousins v. City of New Orleans, 608 So.2d 978 (La.1992). However, this rule of statutory construction does not permit us to ignore the statute's clear and unambiguous language. See La.C.C. art. 9. At trial, the parties agreed that Coleman was receiving social security retirement checks in the amount of $953.00 per month; these benefits are funded 49.35 percent by employer contributions. We find the City has shown its entitlement to the credit provided for in La.R.S. 23:1225 C(1), and we remand the case to the Office of Workers' Compensation for calculation of the credit in accordance with this opinion. Costs of this appeal are assessed to appellee, Howard Coleman.
REVERSED AND REMANDED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] In 1989, the legislature amended the statute to change the conjunctive "and" to the disjunctive "or," effective January 1, 1990. In Vallery v. State, through DHHR, 605 So.2d 1380 (La.App. 3d Cir.), writ denied, 609 So.2d 225 (La.1992), this court held that the amendment was to be applied retroactively; therefore, the claimant need not receive remuneration from all four sources for the employer to receive an offset.