647 So.2d 648 (1994)
Myrtle DUKE, Plaintiff-Appellee,
v.
RAPIDES SENIOR CITIZENS CENTER, et al., Defendants-Appellants.
No. 94-621.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
Writ Denied March 17, 1995.
*649 James C. Downs, for Myrtle Duke.
Brian Timothy Butler, for Rapides, Sr. Citizen Center.
Before DOUCET, COOKS and DECUIR, JJ.
DOUCET, Judge.
This is an appeal from the administrative hearing officer's determination that the employer, Rapides Senior Citizen Center (the Center), was not entitled under La.R.S. 23:1225 to offset the claimant's social security benefits against the workers' compensation benefits being voluntarily paid to her.
The parties have stipulated to the underlying facts of this case. Ms. Duke was employed by Sears, Roebuck & Co. for twenty-seven years. She retired from that position in 1986 at the age of 61. Ms. Duke began receiving social security retirement benefits of $542.00 per month at the age of 62. In September 1988, Ms. Duke began working for the Center at an average weekly wage of $106.25 to supplement her retirement income. On January 18, 1989, Ms. Duke was mopping the floor at the Center as part of her job duties. She slipped and fell in the water, breaking her hip. She was hospitalized and underwent hip replacement surgery. The parties agree that she has been disabled since that time. The Center's workers' compensation insurance carrier, Travelers Insurance Company (Travelers), voluntarily paid Ms. Duke benefits of $306.60 per month until September 30, 1992. On that date Travelers unilaterally reduced Ms. Duke's benefits by $271.02 per month on the basis that Ms. Duke was receiving social security retirement benefits. Travelers refused Ms. Duke's demand that they resume payment of the original amount of workers' compensation benefits. Ms. Duke filed a disputed claim with the Office of Workers' Compensation Administration. After a hearing, the administrative hearing officer found that the Center was not entitled to an offset under La. R.S. 23:1225. The Center and Travelers appeal.

OFFSET
La.R.S. 23:1225(C) provides:
C. (1) If an employee receives remuneration from:
(a) Benefits under the Louisiana Worker's Compensation Law.
(b) Old-age insurance benefits received under Title 11 of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other worker's compensation benefits, then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the worker's compensation benefit, so that the aggregate remuneration from subparagraphs (a) through (d) of this Subsection shall not exceed sixty-six and two-thirds percent of his average weekly wage.
(2) Notwithstanding the provisions of Paragraph (1) of this Subsection, benefits payable for injury to an employee under this Chapter shall not be reduced by the receipt of benefits under this Chapter or *650 any other laws for injury or death sustained by another person.
In her written reasons for judgment the hearing officer denied the offset stating that:
"The statute does not mandate reduction in this case since it is not clear that the legislature intended a reduction in benefits in such cases, where retirement benefits were already received in addition to wages at the time of injury; where there is no evidence the employer contributed to the benefits; and where there is no evidence that both types of benefits are received for the same injury."
This court, however, in the cases of Town of Berwick v. Justilian, 93-854 (La.App. 3 Cir. 3/2/94); 634 So.2d 1365, and City of Pineville v. Coleman, 93-944 (La.App. 3 Cir. 4/6/94); 635 So.2d 583, this court has reached a different conclusion with regard to this issue. In those cases this court allowed the employer to take the offset in spite of the fact that the employee was already receiving social security retirement benefits before beginning work with the employer. This court in City of Pineville further stated at pp. 584-85 that:
"Although we understand the hearing officer's reluctance to award the City an offset under the facts of this case, we cannot adopt such a restrictive interpretation of La.R.S. 23:1225 C(1). First, we must reject the conclusion that subsection C applies only to benefits received `for the same injury.' Disability benefits are covered under subsection A; with the addition of subsection C, which includes `old-age insurance benefits,' the legislature permitted employers to claim an offset when the employee is receiving benefits that are not related to a specific injury. Second, we find no requirement in the statute that the employer claiming the credit must have also contributed to the employee's retirement benefits. To the contrary, the statute limits the credit for such benefits only `to the extent not funded by the employee.' We therefore reject the dicta in Behmke v. Kmart Corp., 581 So.2d 291 (La.App. 5th Cir.1991), suggesting that the statutory credit is not applicable where only the employee and his predecessor employers have funded the benefit payments.
We recognize that La.R.S. 23:1225 C(1), which constitutes a restriction on an injured employee's right to compensation, must be strictly construed. Cousins v. City of New Orleans, 608 So.2d 978 (La. 1992). However, this rule of statutory construction does not permit us to ignore the statute's clear and unambiguous language. See La.C.C. art. 9."
Therefore, we conclude that the Center is entitled to the offset provided for in La.R.S. 23:1225 C(1). The judgment of the hearing officer is reversed. We will remand the case to the Office of Workers' Compensation for calculation of the offset.

PENALTIES AND ATTORNEY'S FEES
Plaintiff argues on appeal that, even if the employer is entitled to an offset, she should receive an award of penalties and attorney's fees because of the Center's failure to apply to the Office of Workers' Compensation for approval before taking the offset. However, where the employer has made voluntary payment of workers' compensation benefits to an injured employee and where the benefits have never been judicially fixed, the employer is at liberty to unilaterally claim the offset allowed by La.R.S. 23:1225. Bellard v. South Louisiana Contractors, 563 So.2d 1319 (La.App. 3 Cir.1990); Louisiana Ins. Guar. Ass'n v. Cloud, 627 So.2d 758 (La.App. 2 Cir.1993).
Accordingly the judgment of the trial court is reversed. This case is remanded to the Office of Workers' Compensation for determination of the appropriate offset to be taken by the Center. Costs of this appeal are assessed to the appellee, Myrtle Duke.
REVERSED AND REMANDED.