JjFOGG, Judge.
Plaintiff, Richmond Boyd, Jr., appeals the Office of Worker’s Compensation (OWC) hearing officer’s judgment finding that his employer, Rouse’s Supermarket, and its worker’s compensation insurer, The Fidelity and Casualty Company of New York (collectively “Rouse’s”), are entitled to a set-off against weekly indemnity benefits, pursuant to LSA-R.S. 23:1225, for Social Security disability benefits received by Boyd.
On September 14, 1989, Boyd was injured when he slipped and fell while walking out of the freezing unit at the Rouse’s Supermarket where he was employed as a frozen food and dairy manager. It is undisputed that he is totally and permanently disabled due to the accident. At the time of the accident, Boyd’s average weekly wage was $300.00. On September 14, 1989, Rouse’s began paying biweekly worker’s compensation benefits at the weekly rate of $240.08.
Boyd applied for and was awarded disability benefits pursuant to the Federal Old Age, Survivor’s and Disability Insurance Benefits, 42 U.S.C. Chapter 7, Sub-chapter II; the payment of benefits commenced in March of 1990. Boyd was also awarded benefits on behalf of his four minor children. He received total monthly benefits of $422.00.
Rouse’s filed a claim with the Office of Worker’s Compensation, seeking a Social Security disability benefits set-off pursuant to LSA-R.S. 23:1225. Judgment was rendered on June 8, 1994, granting the set-off. Boyd appeals that judgment.
 Pursuant to LSA-R.S. 23:1225, an employer or carrier is entitled to reduce permanent total disability benefits when an employee is receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits. LSA-R.S. 23:1225(0(1) sets forth the methods for calculating the amount to be set-off in specific cases. Employers may set-off worker’s compensation benefits owed to the extent the injured worker receives disability benefits, but only to the extent that those benefits were funded by employers. City of \3Pineville v. Coleman, 93-944 (La.App. 3rd Cir. 4/6/94), 635 So.2d 583. When an employer claims a set-off under Section 1225, the employer has the burden of proving the amount of the appropriate reduction. Town of Berwick v. Justi-lian, 93-854 (La.App. 3rd Cir. 3/2/94), 634 So.2d 1365; Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2nd Cir.1990).
In the instant case, no credit was given for that portion of the disability benefits that were funded by employers. On appeal, Boyd claims Rouse’s failed to meet its burden of proof because it placed no evidence in the record of the extent to which the employee funded the benefits; therefore, it is not entitled to the set-off. We disagree. It is clear that Rouse’s had an obligation under the law to fund a portion of Boyd’s social security benefits. It is appropriate for the court to take judicial notice of this amount if the employer does not offer proof that it funded a greater portion than required by law.
It is also troublesome to this court that the hearing officer ordered that the calculations of the set-off be computed by using Louisiana Department of Labor’s “Form LDOL-WC-1004” entitled CALCULATION FOR SOCIAL SECURITY REVERSE OFFSET. Because this form appears to establish the necessary proof requirements for a set-off and it does not indi *465 cate or provide a place for the deduction of the employee funded portion of Social Security benefits, we believe that it contributed to the lack of evidence presented on this issue. Under these circumstances, a remand is ap-. propriate for the introduction of additional evidence and a determination of the amount of the set-off to which Rouse’s is entitled under LSA-R.S. 23:12250(1). The hearing officer should make a determination of what portion of the plaintiffs disability payments are attributable to employee funding and apply the credit accordingly.
For the foregoing reasons, the judgment of the hearing officer is reversed. This case is remanded for further proceedings consistent with this opinion. Costs of this appeal are to be paid by Rouse’s Supermarket.
REVERSED AND REMANDED.