JiCOOKS, Judge.
Al Johnson Construction and LIGA appeal the hearing officer’s denial of their request for a credit or “offset” for social security benefits received by a workers’ compensation claimant. Finding the hearing officer’s judgment was legally sound, we affirm it.
FACTS
On May 18,1984, Donald Pitre was injured while acting in the course and scope of his employment as a diesel mechanic and heavy equipment operator with Al Johnson Construction (“Johnson”). Workers’ compensation benefits were initially paid by American Mutual Insurance Company, now an insolvent insurer. In April 1989, the Louisiana Insurance Guaranty Association (“LIGA”) assumed responsibility for Pitre’s benefits. For the most part, LIGA has continued to accept responsibility for such payments since that date.
On August 20, 1992, LIGA unilaterally reduced Pitre’s temporary total benefits and, subsequently, reclassified him as permanently and totally disabled. LIGA ^terminated Pitre’s benefits completely on February 17, 1993, forcing him to file a claim with the Office of Workers’ Compensation. The hearing officer found Pitre was permanently and totally disabled and ruled defendants were entitled to an offset from the date of judicial demand, February 22, 1993. However, that ruling was reversed on appeal. This court found “the possibility that [rehabilitation therapy] would return [Pitre] to some form of employment [was] sufficient to overcome a finding of permanent and total disability.” *15 Pitre v. Al Johnson Construction Co., 94-290, p.5 (La.App. 3 Cir. 10/5/94); 651 So.2d 301, 304.
Johnson and LIGA later filed a motion essentially asserting the “possibility5’ that Pi-tre could return to some form of employment no longer existed; and, they again urged entitlement to an offset. At a hearing on the matter, Johnson and LIGA called Eugene Chiarulli as an expert on how to calculate the offset they were entitled to claim pursuant to La.R.S. 23:1225(C)(1)(e).[1] Chiarulli’s calculations took into account the total family social security payments to Pitre in the amount of $1,294.90 monthly. He determined the offset by multiplying the total family benefit by 49.57%, which was the percentage of employer funded payments into the social security system paid by all of Pitre’s past employers.
However, when considering whether Appellants were entitled to an offset, the hearing officer used the proportion of social security benefits paid on Pitre’s behalf by Johnson only, which was .94% of all payments tendered. Based on that percentage, she decided Johnson and LIGA were not entitled to an offset and, on September 12, 1997, rendered judgment reflecting that determination. Appellants submit the judgment below was erroneous because the hearing officer should have used the ^percentage of social security contributions made by all employers when calculating the offset. Upon review of the record, we affirm the decision below.
DISCUSSION
Subsection C(1)(e) allows an employer a reduction in his obligation to pay workers’ compensation benefits when the employee is contemporaneously receiving “benefits under disability benefit plans in the proportion funded by an employer."[2] Garrett v. Seventh Ward General Hosp., 95-0017 (La.9/22/95); 660 So.2d 841 at 842. The reference to “an employer” is singular in tense.
The Louisiana Supreme Court in Garrett explained La.R.S. 23:1225 and its subsections [noting the phrase “disability plans” used in the amending subsection C(l)(e)] included Social Security benefits because “the source of such benefit payments ... does not alter the character of such compensation.” Id. at 846. However, Garrett, as exhaustive as it may appear on first reading, fails to provide much guidance on the particular issue before us.
At trial, the hearing officer in this case acknowledged that the “Garrett offset,” as it is now commonly called, was applicable to Pitre’s workers’ compensation payments. However, she held only the percentage of contributions made to social security by Johnson, the employer at the time of Pitre’s injury, could be used in determining the calculation. As a result, instead of the $135.07 weekly benefit payments Johnson and LIGA argued Pitre was due, she found he was entitled to receive $245.00 in weekly payments.
Relying on this court’s opinion in Town of Berwick v. Justilian, 93-854 (La. App. 3 Cir. 3/2/94); 634 So.2d 1365, appellants now argue the decision ’ below was “clearly ^erroneous” and assert that “[t]he legislature did not comprehend that Section 1225(C)(1)(c) would be applied on an employer by employer basis.” They urge “Section 1225(C)(1)(c) was intended to decrease the liability of an employer or insurer for workers’ compensation benefits and eliminate double compensation for the same injury.” In brief, Johnson and LIGA state the language used in an ancillary provision of the same statute, La.R.S. 23:1225(C)(1)(b), indicates that all benefits “not funded by the employee” should be considered in an offset calculation. We disagree.
The plaintiff in Garrett discerningly noticed the conflict in wording used in subsections (b) and (c) of the pertinent statutory provisions. The supreme court found:
*16 [T]hese sections, albeit differently worded, convey the same meaning from two different perspectives: Section 1225 C(1)(b) expresses the limit from the employee’s perspective, while Section 1225 C(1)(c) expresses the limit from the employer’s perspective.
The court mentioned, in a footnote, that “[t]he latter language has been construed as permitting an employer to take a fifty percent credit despite the fact that the employee and his predecessor employer made all the contributions” and cited several appellate opinions. , However, the Garrett court mentioned these decisions in dicta.
Considering the pertinent statute and applicable jurisprudence, the only question here is whether the administrative hearing officer committed legal error when she used only the present employer’s Social Security contribution in calculating the offset. Recently, the Louisiana First Circuit Court of Appeal resolved a dispute involving calculation of offset amounts under both La.R.S. 23:1225(A) and 23:1225(C) in Boyd v. Rouse’s Supermarket, 96-0174 (La.App. 1 Cir. 11/8/96); 682 So.2d 1338. The employer in Boyd (Rouse) was granted a Social Security disability offset in its favor. The appellate court reversed that decision and remanded the case for “determination of the amount of the offset” and “of what portion of the plaintiff’s disability payments are attributable to employee funding....” Id. at p. 3; 682 So.2d at 1339. On remand, |5the hearing officer found Rouse was entitled to a “reverse offset” in accordance with La.R.S. 23:1225(A), because both parties had stipulated to' Boyd’s permanent and total disability.[3] Rouse’s request for an offset for FICA payments under La.R.S. 23:1225(C)(1) was refused, however, because the hearing officer found Rouse made no significant contribution. 683 So.2d at 1341.
An appellate panel affirmed the hearing officer’s computation method, explaining that “the offset contained in Section 1225 C is granted only to the extent that the disability benefits were funded by the employer [responsible for workers’ compensation].” Id. at 1341. Therefore, any credit owed Rouse would be “only for [Rouse’s] share of the employer’s contribution during the period of the claimant’s employment with them.... ” Id. at p. 5; 682 So.2d at 1340. By its decision in Boyd, the first circuit court of appeal implicitly sanctioned as consistent with Garrett the ealculative method used by the hearing officer here.
It is well settled that an appellate court cannot set aside a trial court’s findings in the absence of manifest or legal error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Joining our brethren on the first circuit court of appeal, we agree Section 1225(C) grants an employer an offset only to the extent the disability benefits were funded by that employer. Such reading furthers what we believe was the real purpose underlying adoption of this Section: To prevent duplicative payment of benefits by a single or the same employer. The wording used in Subsection 1225(C)(1)(c) is clear and unambiguous. We do not possess authority to edit it by changing “an employer” to “all employers.” See La.Civ.Code Article 9.
_J_6DE CREE
For the foregoing reasons, we affirm the judgment below, with the following modifications made in response to Pitre’s Answer to Motion for Appeal. Appellants are ordered to pay all costs associated with this appeal, including an additional sum of $1,200.00 payable to Appellee, Donald Pitre, for attorney’s fees.
AFFIRMED and AMENDED.
SULLIVAN, J., dissents.

. Chiarulli was qualified as an expert in the field of accounting and has been an active CPA since 1976. He has also been admitted before the Office of Workers' Compensation on prior occasions to calculate similar offsets.

. For a detailed, comprehensive history of the wage-loss benefits law, see Garrett v. Seventh Ward General Hosp., 95-0017 (La.9/25/95); 660 So.2d 841, discussed infra.

. A “reverse offset” is a state enactment that requires the removal of the offset taken or to be taken by the federal government. Dennis P. Juge, Louisiana Workers’ Compensation § 12:5 (1995). Louisiana’s reverse offset provision is found in La.R.S. 23:1225(A), applicable to the coordination of permanent total disability benefits and Social Security disability benefits.