liGREMILLION, Judge.
The plaintiff, Joyce McCoy, appeals the judgment of the workers’ compensation judge finding that the defendant, Cracker Barrel Stores, Inc., was entitled to a reverse offset against her Social Security benefits, and the presumption that it funded fifty percent of the Social Security Benefits received by her. Finding that a legal error was committed by the workers’ compensation judge, we reverse and remand the matter for further proceedings.
FACTS
McCoy suffered a work-related injury to her lower back on May 24, 1994, while employed as a store manager for Cracker Barrel in Opelousas, Louisiana. On February 16, 1996, she filed a disputed claim for compensation with the Office of Workers’ Compensation. Cracker Barrel answered this claim, seeking, among other things, a reverse offset of McCoy’s Social Security benefits. In her Second ^Supplemental and Amending Claim/Petition for Compensation, McCoy alleged that Cracker Barrel was not entitled to a Social Security credit for payments made by her previous employers. Alleging that Cracker Barrel was arbitrary and capricious in seeking the credit, she prayed for an award of penalties and attorney’s fees.
On October 23,1997, the parties entered into a consent judgment resolving all of McCoy’s claims excluding the question of the offset. That issue was submitted to the workers’ compensation judge through briefs. On May 11, 1998, the workers’ compensation judge issued Written Reasons finding that Cracker Barrel was entitled to a Garrett credit and the presumption that it funded fifty percent of the Social Security benefits received by McCoy. This appeal followed.
ISSUE
In her only assignment of error, McCoy argues that the workers’ compensation judge incorrectly calculated the extent to which Cracker Barrel was entitled to an offset pursuant to La.R.S. 23:1225(C)(l)(c), and erred in failing to award her attorney’s fees.
STANDARD OF REVIEW
The manifest error standard of appellate review applies in workers’ compensation cases even when the workers’ compensation judge’s decision is based solely upon written reports, records, or deposition. Bruno v. Harbert Int’l, Inc., 593 So.2d 357 (La.1992); Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State Through DOTD, 617 So.2d 880 (La.1993).
GARRETT OFFSET
La.R.S. 23:1225(C)(l)(e) provides for the reduction of benefits an [^employee receives if, in addition to receiving workers’ compensation benefits, she is receiving benefits under a disability benefit plan in the proportion funded by an employer. In Garrett v. Seventh Ward General Hosp., 95-17 (La.9/25/95); 660 So.2d 841, 845, the court interpreted La.R.S. 23:1225(C)(1):
The wage-loss coordination provision of Section 1225 C(l) was “designed to *888 add all the benefits not funded by the employee; and, if the combined benefits exceeded 66% percent of the employee’s average weekly wage, the employer would be given an offset of the excess against the obligation to pay workers’ compensation benefits.” Dennis P. Juge, Louisiana Workers’ Compensation, § 12:5 (1995). Section 1225 C(l) thus provides Louisiana employers with an offset against their workers’ compensation obligation of benefits provided by different employer-based sources and establishes a sort of state ceiling of benefits to which an employee is entitled. H. Alston Johnson, Bound in the Shallows and Miseries: the 1983 Amendments to the Workers’ Compensation Statute, 44 La.L.Rev. 669, 705 (1984); Wex S. Malone & H. Alston Johnson III, 13 Louisiana Civil Law Treatise-Workers’ Compensation Law and Practice § 289 (3d ed.1994).
The only evidence in the record concerning McCoy’s receipt of Social Security benefits is a letter from the Social Security Administration attached to Cracker Barrel’s trial brief, which lists the amount of Social Security benefits received by McCoy prior to and subsequent to the implementation of the workers’ compensation offset.[1] In reaching her decision, the workers’ compensation judge determined that Cracker Barrel was entitled to a presumption that it funded fifty percent of the Social Security benefits received by McCoy. She reached this decision based on a footnote found in Garrett, 660 So.2d at 847, n. 8, which stated:
The latter language has been construed as permitting an employer to take a fifty percent credit despite the fact that the employee and his predecessor employer made all the contributions. Duke v. Rapides Senior Citizens Center, 94-621 (La.App. 3d Cir.12/7/94); 647 So.2d 648; cert. denied, 95-0055 (La.3/17/95); 651 So.2d 268; City of Pineville v. Coleman, 93-944 (La.App. 3d Cir.4/6/94); 635 So.2d 583; Town of Berwick v. Justilian, 93-854 (La.App. 3d Cir.3/2/94); 634 So.2d 1365, 1368.
However, we point out that the language the supreme court was referring to dealt with “[o]ld-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.” La.R.S. 23:1225(C)(l)(b). The section at issue in the instant matter is Subsection 23:1225(C)(l)(c), which provides, “Benefits under disability benefit plans in the proportion funded by an employer.”
In a case directly on point, Al Johnson Const, v. Pitre, 98-149, p. 1 (La.App. 3 Cir. 9/16/98); 720 So.2d 14„ we interpreted the language, “funded by an employer,” found in Subsection 1225(C)(1)(c) to grant “an employer an offset only to the extent the disability benefits were funded by that employer.” We stated:
Such reading furthers what we believe was the real purpose underlying adoption of this Section: To prevent duplica-tive payment of benefits by a single or the same employer. The wording used in Subsection 1225(C)(1)(c) is clear and unambiguous. We do not possess authority to edit it by changing “an employer” to “all employers.” See La.Civ. Code Article 9.
Id. at p. 2; 660 So.2d at 848 . Since La.R.S. 23:1225(C) constitutes a restriction on the injured employee’s right to workers’ compensation benefits, it must be strictly construed. Cousins v. City of New Orleans, 608 So.2d 978 (La.1992). The strictest interpretation would comport with the above quoted interpretation. Accordingly, we find that the workers’ compensation judge committed a legal error when she held that Cracker Barrel was entitled to the presumption that it had funded fifty percent of the Social Security benefits re *889 ceived by McCoy. Since there is no evidence in the record ^establishing the percentage of Social Security benefits funded by Cracker Barrel, McCoy’s average weekly wage, or her rate of compensation, we remand the matter to the workers’ compensation judge for further proceedings to determine whether Cracker Barrel is entitled to the offset, and, if so, in what proportion.
ATTORNEY FEES
McCoy next argues that the workers’ compensation judge erred in not finding Cracker Barrel arbitrary and capricious for seeking the offset based on all of the funds provided to Social Security on her behalf, instead of only the funds it provided. Since Cracker Barrel’s request was in contradiction of the clear wording of Subsection 1225(C)(1)(c), she argues that the workers’ compensation judge erred by not awarding attorney’s fees.
The award of penalties and attorney’s fees is essentially a finding of fact which will not be reversed unless it is clearly wrong. Henry v. Bolivar Energy Corp., 95-1691 (La.App. 3 Cir. 6/5/96); 676 So.2d 681, writ denied, 96-1749 (La.10/11/96); 680 So.2d 644. After considering the evidence, we do not find that the award of attorney’s fees would be proper.
Attorney’s fees will be awarded if the employer’s nonpayment or discontinuance of the employee’s benefits is found to be arbitrary, capricious or without probable cause. La.R.S. 23:1201.2; Wiley v. Louisiana Hoop Co., Inc., 94-46 (La.App. 3 Cir. 10/5/94); 643 So.2d 910. In Hebert v. CIGNA, 93-1400, p. 10 (La.App. 3 Cir. 5/25/94); 637 So.2d 1221, 1228 (citations omitted), the court stated:
In cases where an employer or his insurer makes voluntary compensation payments to an injured employee, i.e. payments never judicially fixed or made pursuant to a Workers’ Compensation [ (¡recommendation accepted by both parties, the employer or his insurer is at liberty to unilaterally claim the offset in accordance with La.R.S. 23:1225. “If plaintiff [or the injured employee] disputes defendant’s right to this offset, plaintiff must first submit the dispute to the OWC [ (Office of Workers’ Compensation) ] to obtain its recommendation.” While we find that the unilateral termination of benefits under the aforementioned facts is not per se arbitrary and capricious, a court should closely scrutinize a plaintiffs claim of arbitrary and capricious action on the part of his employer or his insurer in cases where such a unilateral offset is taken. The court must insure that a disabled employee is not forced to endure a period of time when he is not receiving his due portion of benefits simply because the Social Security Administration and the employer or his insurer failed to properly coordinate the termination and activation of their respective offsets. Additionally, as in every claim, a court should examine the facts and law under which an employer or his insurer terminates or reduces payments to determine if it was arbitrary or capricious on other grounds.
Cracker Barrel is entitled to unilaterally claim an offset pursuant to Subsection 1225(C)(1)(c), since it was making voluntary payment of workers’ compensation benefits to McCoy which had never been judicially fixed. Duke v. Rapides Sr. Citizens Center, 94-621 (La.App. 3 Cir. 12/7/94); 647 So.2d 648, writ denied, 95-55 (La.3/17/95); 651 So.2d 268. However, no offset has been taken by Cracker Barrel as of yet pending the outcome of this matter. Thus, we find that there has been no arbitrary or capricious actions on its part which would render it liable for attorney’s fees. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is reversed, and the matter is remanded to the *890 workers’ compensation judge for further proceedings.
REVERSED AND REMANDED.

. We further note that there is no evidence establishing McCoy’s average weekly wage or her weekly compensation rate.