hGREMILLION, Judge.
This matter is before us on remand from the Louisiana Supreme Court. McCoy v. Cracker Barrel Stores, Inc., 99-0641 (La.9/3/99); 747 So.2d 526. In our original opinion, McCoy v. Cracker Barrel Stores, Inc., 98-1182 (La.App. 3 Cir. 2/3/99); 736 So.2d 886, we held that Cracker Barrel was entitled to a Garrett offset of workers’ compensation benefits it paid to its employee, Joyce McCoy, only to the extent that it funded the Social Security disability benefits she was receiving. This finding conformed to the holding in Al Johnson Construction v. Pitre, 98-149 (La.App. 3 Cir. 9/16/98); 720 So.2d 14, which interpreted La.R.S. 23:1225(C)(l)(c)[1] Uto limit the employer’s offset only to the extent the disability benefits were funded by that employer, and not all employers of the employee. The supreme court has granted writs and remanded this matter for reconsideration in light of its recent decision in Al Johnson Construction Co. v. Pitre, 98-2564 (La.5/18/99); 734 So.2d 623.
In Al Johnson Construction, the workers’ compensation judge determined whether the employer was entitled to a Garrett offset by multiplying the Social Security benefits by the percentage of payments made by the employer and not by the percentage of payments made by all of the employee’s past employers. Since the percentage of payments paid by the employer equaled 0.94%, the workers’ compensation judge held that the employer was not entitled to an offset. The employer appealed and this court affirmed finding that the employer was only entitled to an offset to the extent that it funded the disability benefits.
The supreme court reversed the judgments of this court and the Office of Workers’ Compensation, finding that an employer is not entitled to an offset pursuant to La.R.S. 23:1225(C)(l)(c), when the employee is receiving Social Security benefits. In so finding, the supreme court overruled its earlier decision in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95); 660 So.2d 841. In Garrett, the supreme court held:
[W]e concluded that the Legislature, by not expressly qualifying the term “disability benefits plans” either as limited to private disability benefit plans or as including Social Security disability benefits, intended |sto provide an offset for benefits received under any disability plan. Id., 95-0017 at 10, 660 So.2d at 846. We also observed that disability benefits under the Social Security Act are benefits under a disability benefit plan. Id. We further reasoned that construing Section 1225C(1) as excluding an offset for Social Security disability benefits would permit the exact duplication of benefits that wage-loss benefit coordination statutes such as Section 1225C(1) *704 are designed to preclude. Id., 95-0017 at 11, 660 So.2d at 847.
Al Johnson Construction Co., at p. 5; 720 So.2d at 16.
In light of the supreme court’s holding in Al Johnson Construction, we find that Cracker Barrel is not entitled to an offset pursuant to La.R.S. 23:1225(C)(l)(c), since the Social Security disability benefits received by her do not qualify as “benefits under disability benefit plans.”
CONCLUSION
For the foregoing reasons, it is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Joyce McCoy, finding that the defendant, Cracker Barrel Stores, Inc., is not entitled to a La.R.S. 23:1225(C)(l)(c) offset.
RENDERED.

. La.R.S. 23:1225(C) provides:
(l)If an employee receives remuneration from:
(a) Benefits under the Louisiana Workers’ Compensation Law.
(b) Old-Age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other workers’ compensation benefits.
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit, so that the aggregate remuneration from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.