JjPICKETT, Judge.
The Defendant was voluntarily paying workers’ compensation benefits to Plaintiff. The Plaintiff was concurrently receiving social security disability benefits for his injury. Defendant offset its payments and filed a notice with the Office of Workers’ Compensation when it learned Plaintiff was also receiving social security benefits. The trial court ruled Defendant was justified under La.R.S. 23:1225 in unilaterally taking the offset since it voluntarily instituted payment of compensation benefits to Plaintiff. The Plaintiff now appeals. *698 For the following reasons, we affirm in part and reverse in part.
^BACKGROUND
Plaintiff suffered a workplace injury on February 22, 1983. The employer/insurer voluntarily paid the maximum weekly benefits payable at the time of Plaintiffs accident. The benefits owed Plaintiff were never judicially fixed. Since 1987, Plaintiff has been receiving social security disability benefits for his injury.
In October, 1991, the employer/insurer learned Plaintiff has been receiving social security benefits. On October 28, 1991, the employer/insurer filed a modification notice with the Office of Workers’ Compensation, using an Office of Workers’ Compensation form designed for such purposes, indicating the employer was taking the reverse social security offset.
ASSIGNMENT OF ERRORS
(1) The trial court erred in relying on law and procedure that became effective on or after July 1, 1983, for a claim that arose from an accident which occurred pri- or to July 1,1983.
(2) The trial court erred in ruling the Defendants were entitled to unilaterally take the reverse offset without a judicial determination of the amount of the reverse offset, where there had been no prior determination that Plaintiff was permanently and totally disabled.
(3)/(4) The trial court erred in failing to award compensation benefits with a credit for Defendants’ offset, as well as, penalties and attorney fees to Plaintiff.
OPINION
Plaintiff argues that the trial court erred in relying on La.R.S. 23:1225 which was amended effective July 1, 1983, since Plaintiffs claim arose from an accident which occurred prior to July 1, 1983, and that the reverse offset was unjustified ^without a prior judicial determination of the reverse offset and a determination that Plaintiff was totally disabled.
Considering the recent Louisiana Supreme Court case Al Johnson Construction Company and LIGA v. Donald Pitre, 98-2564 (La.5/18/99); 734 So.2d 623, there is no question that La.R.S. 23:1225(C)(1)(c) does not apply regardless of the date of the injury.
Plaintiff argues La.R.S. 23:1225(A) does not apply because there was no determination at the time of the offset that the Plaintiff was permanently and totally disabled. Although Garrett v. Seventh Ward General Hosp., 95-0017 (La.9/22/95), 660 So.2d 841; was overruled by the Pitre case, our analysis refers to the Garrett discussion of La.R.S. 23:1225(A) which was not at issue in Pitre. In Garrett, the Supreme Court qualified its discussion of La.R.S. 23:1225(A) stating: “plaintiff presently is neither entitled to nor receiving permanent total workers’ compensation benefits ... ”. Id. at 845 (emphasis added).
The issue in this case is whether subsection 1225(A) applies when there was no prior determination that Plaintiff was permanently and totally disabled and both parties have subsequently stipulated Plaintiff is permanently and totally disabled. The Court in Garrett suggests that an offset is applicable if Plaintiff is presently entitled to permanent total disability benefits. Therefore, we affirm in part and find that the employer was authorized to seek a reverse offset under La.R.S. 23:1225(A).
Plaintiff argues that even if La. R.S. 23:1225 is applicable, the Defendant was unjustified in taking a unilateral offset without a prior judicial determination. The workers’ compensation benefits being received by the Plaintiff were never judicially fixed. Rather, since Plaintiffs injury, Defendant has made voluntary payments. Additionally, before taking the offset, Defendant first notified the Office of Workers’ | Compensation. Under such circumstances, case law has consistently *699 held that a Defendant has the liberty to unilaterally claim the offset by La.R.S. 23:1225. See Spinks v. James Hutchins Farms, 98-811 (La.App. 3 Cir. 2/3/99); 736 So.2d 226, writ denied, 99-0630 (La.4/23/99); 742 So.2d 888; Clark v. Town of Basile, 98-439 (La.App. 3 Cir. 10/7/98); 719 So.2d 730; McCoy v. Cracker Barrel Stores, Inc., 98-1182 (La.App. 3 Cir. 2/3/99); 736 So.2d 886; writ granted and remanded on other grounds, 99-0641 (La.9/3/99); 747 So.2d 526; Bellard v. South Louisiana Contractors, Inc., 563 So.2d 1319 (La.App. 3 Cir.1990). “If plaintiff disputes defendant’s right to this offset, plaintiff must first submit the dispute to the OWC [Office of Workers’ Compensation] to obtain its recommendation.” McCoy, 736 So.2d at 889 quoting Hebert v. CIGNA, 93-1400, p. 10 (La.App. 3 Cir. 5/25/94); 637 So.2d 1221, 1228 (alteration in original).
The court must insure that a disabled employee is not forced to endure a period of time when he is not receiving his due portion of benefits simply because the Social Security Administration and the employer or his insurer failed to properly coordinate the termination and activation of their respective offsets.

Id.

In the present case the employer’s offset was not coordinated with benefits due from the Social Security Administration. The Plaintiff argues that after Defendants began taking its offset, the Social Security Administration refused to remove its offset and refused to increase Plaintiffs social security disability insurance benefit because the Social Security Administration regulations require a court judgment in workers’ compensation proceedings before the Social Security Administration would remove its offset. Plaintiff claims he suffered a double offset since November 1, 1991. Plaintiff filed a dispute with the Office of Workers’ Compensation which was dismissed because the OWC did not have proper subject matter jurisdiction. Plaintiff | Bbrought the action which is now on appeal.
We find that the Plaintiff has endured a period of time when he has not received his due portion of benefits simply because the Social Security Administration and the employer or his insurer failed to properly coordinate the termination and activation of the respective offsets.
In a situation such as this, where the employer has voluntarily paid benefits without a judicial determination, it is the employer’s responsibility to coordinate any offset taken with the Social Security Administration before taking a unilateral offset.
In the case where a Defendant makes a judicial demand for the offset, Defendant is credited beginning with the time the Defendant made demand for the reverse offset. Guillory v. Stone & Webster Engineering Corp., 545 So.2d 605 (La. App. 3 Cir.1989).
In the present case, the Defendant made no judicial demand. We find the employer is liable for the due portion of benefits Plaintiff would have received had employer properly coordinated the offset with the Social Security Administration. We remand to the trial court for a calculation of benefits and a determination of why the Social Security Administration benefits were not obtained after the stipulation at trial and judgment and a determination of a reasonable period of time the employer should be accountable, given the reasoning contained herein.
We do not find the employer acted in an arbitrary and capricious manner or without probable cause. The statutes authorizing penalties and attorney fees are penal in nature and must be strictly construed so that insurers are not penalized for contesting a close factual question in a workers’ compensation proceeding and relying on valid defenses. Spinks, 736 So.2d 226.
*700 The trial court found the employer did not act in an arbitrary or capricious | fitnanner and refused to grant penalties and attorney fees. We agree. Appellant argues that the double offset to Mr. Daigle could have been avoided by the employer simply filing a petition to obtain the reverse offset, therefore the employer’s actions were arbitrary and capricious. Having found the employer is entitled to a unilateral offset, it would be illogical to find that the employer acted in an arbitrary and capricious manner by taking action it was legally entitled to take.
At the time this offset was taken there was no clear rule and no clear guidance as to the proper procedure for the employer to follow. Jurisprudence addressing this issue was handed down subsequent to the time these events transpired. Consequently, it would be inequitable to penalize the employer who had no clear guidelines to follow. We cannot say the trial court erred by refusing to impose penalties and attorney fees.
For the above reasons, we affirm the trial court’s ruling and hold the employer was authorized under La.R.S. 23:1225 to take a reverse offset and, also, affirm the trial court’s ruling on attorney fees. However, we reverse in part and remand finding that the employer did not properly coordinate the offset with the Social Security Administration and must provide compensation to the Plaintiff in an amount to be calculated by the trial court on remand.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
WOODARD, J., dissents in part and assigns written reasons.