I,WOODARD, Judge.
In this workers’ compensation litigation, the main issue we address is whether the workers’ compensation judge (WCJ) erred when granting an employer the right to an offset under La.R.S. 23:1225(C), after adjudicating an employee to be permanently totally disabled. Finding, instead, La.R.S. 23:1225(A) to be applicable in such circumstance, we reverse the WCJ’s decision on this issue. We affirm in part, reverse in part, and remand.
⅝ ⅜ ⅜ ⅝ ⅝
This litigation arose from the injury, which Ms. Lou Anna Doucet sustained while in the course and scope of her employment with Jantzen, Inc. (Jantzen). She underwent two failed fusion surgeries and asserts that she is permanently, totally disabled. After a hearing held on September 16, 1999, the WCJ found her to be entitled to $139.57 weekly permanent total disability benefits (PTDs), but granted Jantzen a $169.80 monthly, La.R.S. 23:1225(0 offset, retroactive to March 20, 1997. Jantzen appeals, and Ms. Doucet answers the appeal.
*651 Permanent Total Disability Benefits and Penalties & Attorney’s Fees
After thoroughly reviewing the record, we find no legal or manifest error in the WCJ decision, finding Ms. Lou Anna Dou-cet permanently and totally disabled, and awarding her penalties and attorney’s fees. Accordingly, we affirm this part of the WCJ’s decision.
Offset
Ms. Doucet asserts that the trial court erred when it granted Jantzen an offset retroactive to 1997. She claims that the court should, instead, have made the offset retroactive to Jantzen’s June 10, 1999 judicial demand.
| ¡.Statutory Basis
Before we can address Ms. Doucet’s assignment of error, we must determine whether the WCJ granted Jantzen’s offset under the appropriate statutory provision; namely, La.R.S. 23:1225(C).
The employers’ right to an offset is found in La.R.S. 23:1225, which our Louisiana legislature enacted in an effort to avoid an overlap between state workers’ compensation benefits and federal social security benefits.[1] In the mid-sixties, the federal government amended its social security act, set forth in 42 U.S.C. § 424a, to allow the social security administration to decrease an employee’s social security benefits when such benefits, combined with that provided by the state’s workers’ compensation benefits, exceed eighty percent of the employee’s average weekly wage.[2] Congress, thereby, reduced duplication risks inherent to the states’ and federal programs while supplementing inadequate states’ workers’ compensation schemes.[3]
Nevertheless, 42 U.S.C. § 424a(d) offered to the states’ legislatures the opportunity to take a reverse offset if they implemented it into the states’ laws within a certain period of time. The Louisiana legislature adopted such a reverse offset provision and enacted La.R.S. 23:1225, now La.R.S. 23:1225(A). However, for some reason, it chose to make the reverse offset applicable to PTD cases, but took no further action to extend it to other types of workers’ compensation benefits.[4]
In 1983, the Louisiana legislature enacted La.R.S. 23:1225(C), revising our workers’ compensation laws. As revised, La. R.S. 23:1225 now provides, in relevant part:
A. The benefits provided for in this Subpart for injuries producing permanent total disability shall be reduced when the person receiving benefits under this Chapter is entitled to and receiving benefits under 42 U.S.C. Chapter 7, Subchapter II, entitled Federal Old Age, Survivors, and Disability Insurance Benefits, on the basis of the wages and self-employment income of an individual entitled to and|sreceiving benefits under 42 U.S.C. § 423; provided that this reduction shall be made only to the extent that the amount of the combined federal and workers’ compensation benefits would otherwise cause or result in a reduction of the benefits payable under the Federal Old Age, Survivors, and Disability Insurance Act pursuant to 42 U.S.C. § 424a, and in no event will the benefits provided in this Subpart, together with those provided under the federal law, exceed those that would have been payable had the benefits pro *652 vided under the federal law been subject to reduction under 42 U.S.C. § 424a. However, there shall be no reduction in benefits provided under this Section for the cost-of-living increases granted under the federal law after the date of the employee’s injury.
[[Image here]]
C. (1) If an employee receives remuneration from:
(a) Benefits under the Louisiana Workers’ Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other workers’ compensation benefits,
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers’ compensation benefit, so that the aggregate remuneration from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.
(2) Notwithstanding the provisions of Paragraph (1) of this Subsection, benefits payable for injury to an employee under this Chapter shall not be reduced by the receipt of benefits under this Chapter or any other laws for injury or death sustained by another person.
(3) If an employee is receiving both workers’ compensation benefits and disability benefits subject to a plan providing for reduction of disability benefits, the reduction of workers’ compensation benefits required by Paragraph (1) of this Subsection shall be made by taking into account the full amount of employer funded disability benefits, pursuant to plan provisions, before any reduction of disability benefits are made.
14(4) If a conflict arises between the application of the provisions of this Section and those of any other Louisiana law or contract of insurance, the provisions of this Section shall control.
(Emphasis added.)
Clearly, La.R.S. 23:1225(A) still sets forth the appropriate remedy available to an employer, seeking a reverse offset for workers’ compensation benefits awarded to an employee adjudicated permanently and totally disabled. However, in 1995, Garrett v. Seventh Ward General Hosp., the Louisiana Supreme Court interpreted La. R.S. 23:1225(C)(1)(c), specifically the term “[bjenefits under disability benefit plans,” to include an employee’s receipt of social security benefits.[5] Thereafter, the Garrett court and its progenies allowed employers the benefit of a La.R.S. 23:1225(C) offset to employees’ total temporary disability benefits.[6]
Nevertheless, on May 19,1999, the Louisiana Supreme Court in Al Johnson Const. Co. v. Pitre,[7] decided to depart from its Garrett decision, holding that “the term ‘[bjenefits under disability benefit plans’ in [La.R.S.] 23:1225(C)(1)(e) does not include Social Security Disability benefits.”[8] When it decided to overrule Garrett, the Pitre court stated:
When the employee is permanently totally disabled, however, the employer receives under Section 1225 A the *653 advantage in the reduction of total benefits to the federal ceiling. When the employee is temporarily totally disabled, however, the federal authorities take the reduction of total benefits to the federal ceiling, and this court’s decision in Garrett apparently had the effect of allowing state employers to reduce their compensation obligation (in addition to the reduction already taken by the federal authorities) from eighty percent of the employee’s average current earnings to sixty-six and two-thirds percent of average weekly wage.[9]
(Emphasis added.)
| ñIn the case sub judice, after finding Ms. Doucet to be entitled to PTDs, the WCJ found that Jantzen is entitled to a La.R.S. 23:1225(0) offset, stating:
I think that’s correct. I think the 1225(a) offset — -and I’m again going out on a limb on this one. I don’t think the 1225(a) offset applies in this case, that’s my appreciation of it. Again, gentlemen, I know this one is going up, so maybe the court of appeal can straighten it out.
We disagree with the WCJ’s decision to apply a La.R.S. 23:1225(C) offset in a case where it adjudicated the employee to be permanently and totally disabled. Plainly, whether based on the clear and unambiguous wording of the statute, or on our jurisprudence, either pre- or post -Pitre, the proper statutory remedy available to an employer exercising its right to an offset, when the employee is permanently, totally disabled, is under the La.R.S. 23:1225 reverse offset provision.
Offset’s Retroactivity
Having determined Ms. Doucet’s entitlement to PTDs and Jantzen’s right to receive the benefit of a reverse offset, we must last ascertain the triggering date for Jantzen’s right to a reverse offset under La.R.S. 23:1225(A).
It is well established that an employer, who is entitled to the benefit of a reverse offset, may assert such a credit from the time it perfected judicial demand.[10] Ms. Doucet claims that Jantzen did not perfect judicial demand until June 10, 1999. We disagree.
Conducting a de novo review of the record on this issue, we find that she sustained her disabling injury on January 21, 1987. Thereafter, Jantzen and Liberty Mutual Insurance Company, Jantzen’s workers’ compensation insurer, asserted their right to an offset. After a hearing was held on January 8, 1998, the WCJ found that Jantzen is entitled to a Garrett offset under La.R.S. 23:1225(C)(1)(c), in a judgment entered on May 15, 1998. However, in its judgment, the WCJ reserved, for Ms. Doucet, the right “to assert that the offset against her worker’s compensation benefits based on her receipt of Social Security benefits should be made pursuant to R.S. |fi23:1225.A instead of R.S. 23:1225.-C(1)(e).” She exercised that option when she filed “LDOL WC 1008’’ on May 1, 1998.
The WCJ acknowledged that she had done so in its written reasons for judgment, filed on September 2, 1998, determining the merits of an exception of prematurity, which Jantzen had filed on June 9, 1998. These details are not pertinent to the instant suit. The litigation sub judice ensued, with Jantzen contesting Ms. Dou-cet’s claim of being permanently, totally disabled. It perfected a formal demand for a La.R.S. 23:1225(A) reverse offset on June 9,1999.
*654 Based upon this convoluted set of facts and procedure, we find that Jantzen is entitled to a La.R.S. 23:1225(A) reverse offset, retroactive to May 1, 1998. We note that, at that time, Ms. Doucet opted to submit herself to the offset provided under the May 15,1998 judgment. Nevertheless, the record does not allow us to clearly determine the parties’ status regarding the amount of benefits which Jant-zen paid Ms. Doucet to date, nor the offset amount which Jantzen may have retained. Accordingly, we remand the case to the WCJ to have it specify the parties’ exact status on these issues in light of this opinion.
CONCLUSION
We affirm the WCJ’s opinion, finding Ms. Doucet to be permanently and totally disabled and entitled to penalties and attorney’s fees. However, finding La.R.S. 23:1225(A) applicable to Jantzen’s claim for an offset, we reverse the WCJ’s decision on this issue. We remand the case to the WCJ to have him determine the parties’ exact status in light of this opinion. We cast Jantzen with costs.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DOUCET, C.J., concurs.

. LeBlanc v. Lake Charles Dodge, Inc., 98-88 (La.11/21/98); 725 So.2d 19, writ denied, 99-420 (La.5/14/99); 741 So.2d 660.

. Id.

. Id.

. Al Johnson Const. Co. v. Pitre, 98-2564 (La.5/18/99); 734 So.2d 623.

. 95-17 (La.9/22/95), 660 So.2d 841.

. Id.

. 734 So.2d 623.

. Id. at 628.

. Id.

. Daigle v. Employers Nat'l Ins. Co., 94-126 (La.App. 3 Cir.12/1/99); 747 So.2d 696.