# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 17-285


**JAN E. SEGURA**

**VERSUS**

**KARL RAY COMEAUX**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 69188
HONORABLE DAVID BLANCHET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## BILLY HOWARD EZELL
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Kevin Wade Trahan**
**Michael C. Wynne**
**Ottinger Hebert, L.L.C.**
**P. O. Drawer 52606**
**Lafayette, LA 70505-2606**
**(337) 232-2606**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Jan E. Segura**

**Charley Hutchens, PLC**
**1704 W. University Ave.**
**Lafayette, LA 70506**
**(337) 237-4102**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Jan E. Segura**

**Helen Popich Harris**
**321 W. Main St., Suite 2-D**
**Lafayette, LA 70501**
**(337) 291-6092**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Karl Ray Comeaux**

**EZELL, Judge.**

This appeal arises from a partition of community property. Jan Segura appeals the decision of the trial court setting the value of Tigress Environmental and Dockside Services, LLC (hereinafter Tigress), as well as the trial court allocating her 100% of the company. For the following reasons, we affirm the decision of the trial court.

Karl Comeaux and Jan Segura were married in March of 1996. During the marriage, the couple started a business together called Tiger Environmental and Renting Services, which performed oilfield services and remediation for oil and gas companies. In January of 2009, the couple filed for divorce. Soon thereafter, Ms. Segura fired Mr. Comeaux from the business and changed the name of the company to Tigress.

The partition of community property was long and fragmented. Eventually, a trial was held in January and April of 2016 to value and allocate Tigress. After several years working on the partition, multiple hearings, and volumes of evidence and expert testimony and reports, the trial court below valued Tigress at $773,164.15. The trial court also allocated 100% of Tigress to Ms. Segura, as she alone had run the company for six to seven years preceding trial. Receiving such a large community asset resulted in the trial court ordering Ms. Segura to pay an equalizing payment of $367,379.73. The trial court ordered this amount to be paid in a lump sum of $200,000.00 within fifteen days of the execution of the judgment, and the remainder to be paid in annual $25,000.00 installments, secured by a promissory note executed by Ms. Segura. From this decision, Ms. Segura appeals.

On appeal, Ms. Segura challenges both the trial court's valuation of Tigress and its allocation of the company to her. To that end, Ms. Segura asserts three assignments of error. She claims the trial court erred in refusing to "tax affect" Tigress' fully-depreciated movables, that the trial court erred in refusing to account

for a possible Louisiana sales tax audit on Tigress in valuing the company, and that

the trial court erred in awarding her complete ownership of the business.

As discussed in *Ellington v. Ellington*, 36,943, pp. 6-7 (La.App. 2 Cir. 3/18/03),

842 So.2d 1160, 1165-66, *writ denied*, 03-1092 (La. 6/27/03), 847 So.2d 1269

(alteration in original):

> The trial court has broad discretion in partitioning community property. As noted by the Third Circuit in *Razzaghe–Ashrafi v. Razzaghe–Ashrafi*, 558 So.2d 1368, 1371 (La.App. 3d Cir.1990):
>
> > The purpose of [La.R.S. 9:2801(4)(a)] is to provide an occasion for the court to get a handle on the situation. It does not mean that the court is frozen by any statutory time level or particular valuation at any particular time or for any particular purpose, but simply to place values on the assets for the purpose of accounting, allocation and adjudication in accordance with the further provisions of La.R.S. 9:2801(4)(b, c, d and e).
>
> In light of the discretion granted to the trial court by La.R.S. 9:2801, the court is not required to accept at face value a party's valuation of assets, debts or claims against the community. *Gay v. Gay*, 31,974 (La.App.2d Cir.06/16/99), 741 So.2d 149; *Kaplan v. Kaplan*, 522 So.2d 1344 (La.App. 2d Cir.1988); *Alford v. Alford*, 94-1464 (La.App. 3d Cir.04/05/95), 653 So.2d 133. If the trial court's valuations are reasonably supported by the record and do not constitute an abuse of discretion, its determinations should be affirmed. *Alford*, *supra*. As noted by the court in *Starr v. Starr*, 557 So.2d 1026 (La.App. 4th Cir.1990), the law provides no mathematical formula for determining the value of community assets.
>
> If the community asset to be valued is an interest in a partnership or corporation, the court must be careful to value the interest, not just the assets of the business entity. *Moody v. Moody*, 622 So.2d 1381 (La.App. 1st Cir.1993), *writ denied*, 629 So.2d 1168 (La.1993); *Borrello v. Borrello*, 614 So.2d 91 (La.App. 4th Cir.1992); *Mexic v. Mexic*, 577 So.2d 1046 (La.App. 4th Cir.1991). The trial court's determination of the value of a community business is a factual one which will not be disturbed absent manifest error. *Monje*, *supra*; *Moody*, *supra*. Furthermore, the trial court's choice of one expert's method of valuation over that of another will not be overturned unless it is manifestly erroneous. *Preis v. Preis*, 94-442 (La.App. 3d Cir.11/02/94), 649 So.2d 593, *writs denied*, 94-2939, 94-2942 (La.01/27/95), 649 So.2d 392; *Guillaume v. Guillaume*, 603 So.2d 235 (La.App. 4th Cir.1992); *Stewart v. Stewart*, 585 So.2d 1250 (La.App. 4th Cir.1991), *writs denied*, 590 So.2d 594, 597 (La.1992).

Ms. Segura first claims that the trial court erred in failing to "tax affect" the fully depreciated movables owned by Tigress, thereby artificially inflating the value of the company. She claims that the court should have taken into account taxes that would be paid upon a hypothetical sale of the company's movables. Ms. Segura notes *Hansel v. Holyfield*, 00-62 (La.App. 4 Cir. 12/27/00), 779 So.2d 939, *writ denied*, *Hansel v. Hansel,* 01-276, 01-279 (La. 4/12/01), 789 So.2d 591, for the proposition that the taxes to be paid on any sale should be considered in the valuation. However, we find that case to be distinguishable, as the husband in that matter would have *had* to exercise each stock option grant, or he would have lost the right to do so. In that matter, a sale of a community asset was essentially required. Here, the sale of Tigress' movables is not only not required, but the record shows no evidence that any such sale is even likely. Accordingly, the trial court rejected this argument as speculative. We agree.

Ms. Segura retains the benefit of her company using these movables far past the date of the valuation of the company, potentially for many years to come. It is not clear when, if ever, these assets may be subject to any tax liability. The value of the community interests "should not and cannot be predicated on tax consequences of some future uncertain event." *Mexic v. Mexic*, 577 So.2d at 1050. "[T]here is no legal basis by which this court can reduce the value of an asset to reflect a reduction in value as the result of an uncertain future tax liability." *Callender v. Callender*, 625 So.2d 257, 265 (La.App. 5 Cir. 1993), *writ denied*, 93-3080 (La. 2/4/94), 635 So.2d 583. As there is no evidence in this record to suggest any imminent sale of the goods in question, the trial court's decision not to "tax affect" them was reasonable. We can find no manifest error in the trial court's decision.

Ms. Segura next claims that the trial court erred in failing to account for a possible state sales tax audit when determining the company's value. The trial court viewed the potential audit as speculative and did not consider it in its valuation of

3

Tigress. Generally, the trial court is granted broad discretion on its evidentiary rulings and its determinations will not be disturbed on appeal absent a clear abuse of that discretion. *In re Succession of Wagner*, 08-212, 08-213 (La.App. 1 Cir. 8/8/08), 993 So.2d 709. The parties themselves set the valuation date for the company as July 31, 2015. While both experts testified a state audit was possible, no notice of any action by the state had been given by the set valuation date, and no such notice is in the record before this court. We concur in the trial court's rejection of Ms. Segura's speculative attempt to lower the value of Tigress.

Finally, Ms. Segura claims the trial court erred in awarding her 100% ownership of Tigress, claiming that the allocation and subsequent equalizing payment leaves her "cash poor." We disagree.

In a partition of community property, "[t]he court shall divide the community assets and liabilities so that each spouse receives property of an equal net value." La.R.S. 9:2801(A)(2)(b). "In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct." La.R.S. 9:2801(A)(2)(d). "In making its allocation of assets, the trial court should be mindful of the nature of the assets, the economic condition of each spouse, and any other relevant circumstances." *Corkern v. Corkern*, 05-2297, p.5 (La.App. 1 Cir. 11/3/06), 950 So.2d 780, 784, *writ denied*, 06-2844 (La. 2/2/07), 948 So.2d 1083. *See also* La.R.S. 9:2801(A)(4)(c). "For instance, in situations where one of the spouses has controlled and managed a family business, which the evidence indicates the other spouse is incapable of operating, it may be both more practical and equitable to allocate the business to the spouse more capable of operating it." *Corkern*, 950 So.2d at 784.

The trial court noted in its thorough and thoughtful reasons for judgment that Ms. Segura has had complete control of Tigress ever since she fired Mr. Comeaux in

4

2010. Since that time, she ran the company as she saw fit, even changing the name of the company. The record shows she has made uneven loan repayments from the company to the former couple, favoring herself over Mr. Comeaux. Mr. Comeaux had no involvement in Tigress whatsoever since he was terminated by Ms. Segura. Moreover, the trial court obviously considered the financial situation of the parties in awarding Tigress, finding that Ms. Segura could afford the large equalizing payment. This is supported by the record. At the time of the ruling, Ms. Segura had liquid assets of over $295,000.00, an IRA valued at over $40,000.00, plus roughly $125,000.00 in equity in her home. Further, the trial court set up the equalizing payment to be partially paid in increments, somewhat lessening the burden on Ms. Segura. While such a large debt would be unpleasant for anyone, to say the least, Ms. Segura has the benefit of ownership of the largest and most valuable community asset by far. Based on the record before us, we cannot find that the trial court abused its great discretion in allocating Tigress to Ms. Segura.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Ms. Segura.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.